11 CIV 9305

Outten & Golden LLP
Adam T. Klein
Rachel Bien
Elizabeth Wagoner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LLOYD and ELLEN SZYMKIEWICZ, on behalf of themselves and those similarly situated, | |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | Jury Trial Requested |
| J.P. MORGAN CHASE & CO. and CHASE INVESTMENT SERVICES CORP., | |
| Defendants. | |

Plaintiffs Jeffrey Lloyd and Ellen Szymkiewicz, by their attorneys, Outten & Golden LLP, for themselves and on behalf of all others similarly situated, for claims against Defendants J.P. Morgan Chase & Co. and Chase Investment Services Corp. (collectively "Defendants" or "Chase"), allege as follows:

### NATURE OF THE ACTION

1.      This class action challenges Defendants' policy and practice of classifying their employees whose primary duties involve selling securities and other financial products at Chase branches ("Financial Advisors") as exempt from the overtime requirements of state and federal law and failing to pay such employees overtime for the hours they work over forty in a workweek.

2.      Plaintiffs bring this action on behalf of themselves and similarly situated Financial Advisors who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

3.      Plaintiff Ellen Szymkiewicz brings this action on behalf of herself and all similarly situated current and former Financial Advisors in New York as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law Art. 6, §§ 190 *et seq.* and Art. 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.* (collectively, "NYLL").

4.      Plaintiff Jeffrey Lloyd brings this action on behalf of himself and all similarly situated current and former Financial Advisors in New Jersey as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.*, and the supporting regulations, N.J. Admin. Code §§ 12:56 *et seq.* (collectively, the "NJSWHL").

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332 (the Class Action Fairness Act) and 28 U.S.C. § 1367 (supplemental jurisdiction).

6.      Plaintiffs' state law claims are so closely related to Plaintiffs' claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

7.      This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant

to 29 U.S.C. § 216(b).

      8.     At least one member of the proposed class is a citizen of a state different from that of Defendants.

      9.     Plaintiffs' claims involve matters of national or interstate interest.

      10.     Upon information and belief, citizenship of the members of the proposed class is dispersed among a substantial number of states and countries.

      11.     Upon information and belief, there are more than 100 members of the proposed classes in the aggregate.

      12.     Defendants are subject to personal jurisdiction in New York.

      13.     Defendants maintain their principal place of business in New York, New York.

      14.     Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

      15.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

      16.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in the Southern District of New York.

      17.     A substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

### Ellen Szymkiewicz

      18.     Plaintiff Ellen Szymkiewicz ("Szymkiewicz") resides in Highland, New York.

19.     Szymkiewicz worked for Chase as a Financial Advisor in New York from approximately May 2009 to approximately June 20, 2011, when she went on disability leave.

20.     Szymkiewicz's primary duties involved selling Chase's financial products, including annuities and mutual funds, to individuals at various Chase branches in New York.

21.     Throughout the relevant period, Szymkiewicz was a covered employee within the meaning of the FLSA and NYLL.

22.     Szymkiewicz has consented to join this action.  Her written Consent to Join form is attached hereto as Exhibit A.

**Jeffery Lloyd**

23.     Plaintiff Jeffrey Lloyd ("Lloyd") resides in Fort Lee, New Jersey.

24.     Lloyd worked for Chase as a Financial Advisor in New Jersey from approximately January 2008 to approximately June 29, 2011.

25.     Lloyd's primary duties involved selling Chase's financial products, including annuities and mutual funds, to individuals at various Chase branches in New Jersey.

26.     Throughout the relevant period, Lloyd was a covered employee within the meaning of the FLSA and NJSWHL.

27.     Lloyd has consented to join this action.  His written Consent to Join form is attached hereto as Exhibit B.

**Defendants**

28.     Defendant J.P. Morgan Chase & Co. is a Delaware corporation with its principal place of business in New York City.

29.     Defendant Chase Investment Services Corp. is a Delaware corporation with its principal place of business in New York City.

4

30.     Throughout the relevant period, Defendants have been covered employers as that term is used in all relevant laws and, at all relevant times, employed and/or jointly employed Plaintiffs and similarly situated employees.

31.     Throughout the relevant period, Defendants' annual gross volume of sales made or business done was not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiffs bring the First Cause of Action, the FLSA claim, on behalf of themselves and a collective consisting of all persons who have worked for Defendants as Financial Advisors or in positions with different titles but the same or similar duties, including, but not limited to: Personal Financial Advisors, Independent Financial Advisors, Financial Advisor Associates, Senior Financial Consultants, Investment Sales Representatives, and/or RIS Team Leaders between January 1, 2009 and the date of final judgment in this action and who elect to opt-in to this action (the "FLSA Collective").

33.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective.  The FLSA claim in this lawsuit should be adjudicated as a collective action.  Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join it.  Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

**The New York Class**

34.     Plaintiff Ellen Szymkiewicz ("the New York Plaintiff") brings the Second Cause of Action, New York Claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class consisting of all persons who have worked for Defendants in New York as Financial Advisors or in positions with different titles but the same or similar duties, including, but not limited to: Personal Financial Advisors, Independent Financial Advisors, Financial Advisor Associates, Senior Financial Consultants, Investment Sales Representatives, and/or RIS Team Leaders between January 1, 2009 and the date of final judgment in this action (the "New York Class").

35.     Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

36.     The persons in the New York Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to the New York Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

37.     Upon information and belief, the size of the New York Class is at least 50 employees.

38.     Defendants acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief

with respect to the New York Class as a whole.

39.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

a.     whether Defendants failed to keep true and accurate time records for all hours worked by New York Plaintiff and the New York Class;

b.     what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.     whether Defendants failed and/or refused to pay the New York Plaintiff and the New York Class overtime pay for hours worked in excess of 40 hours per workweek as required by the NYLL;

d.     the nature and extent of the class-wide injury and the appropriate measure of damages for the New York Class;

e.     whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the NYLL; and

f.     whether Defendants' policy of misclassifying workers was done willfully or with reckless disregard of the law.

40.     The claims of the New York Plaintiff are typical of the claims of the New York Class she seeks to represent. The New York Plaintiff and the New York Class Members work or have worked for Defendants in New York and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendants acted and refused to act on grounds generally applicable to the New York Class,

thereby making declaratory relief with respect to the New York Class appropriate.

41.     The New York Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

42.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**The New Jersey Class**

43.     Plaintiff Lloyd ("the New Jersey Plaintiff") brings the Third Cause of Action, New Jersey Claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all persons who have worked for Defendants in New Jersey as Financial Advisors or in positions with different titles but the same or similar duties, including, but not limited to: Personal Financial Advisors, Independent Financial Advisors, Financial Advisor Associates, Senior Financial Consultants, Investment Sales Representatives, and/or RIS Team Leaders between January 1, 2009 and the date of final judgment in this action (the "New Jersey Class").

44.     Excluded from the New Jersey Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during

the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New Jersey Class.

45.     The persons in the New Jersey Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to the New Jersey Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

46.     Upon information and belief, the size of the New Jersey Class is at least 50 employees.

47.     Defendants acted or refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New Jersey Class as a whole.

48.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the New Jersey Class that predominate over any questions solely affecting individual members of the New Jersey Class, including but not limited to:

a.      whether Defendants failed to keep true and accurate time records for all hours worked by the New Jersey Plaintiff and the New Jersey Class;

b.      what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.      whether Defendants failed and/or refused to pay the New Jersey Plaintiff and the New Jersey Class overtime pay for hours worked in excess of 40 hours per workweek as required by the NJSWHL;

d.    the nature and extent of the class-wide injury and the appropriate measure of damages for the New Jersey Class;

e.    whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the NJSWHL; and

f.    whether Defendants' policy of misclassifying workers was done willfully or with reckless disregard of the law.

49.    The claims of the New Jersey Plaintiff are typical of the claims of the New Jersey Class he seeks to represent.  The New Jersey Plaintiff and the New Jersey Class Members work or have worked for Defendants in New Jersey and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendants acted and refused to act on grounds generally applicable to the New Jersey Class, thereby making declaratory relief with respect to the New Jersey Class appropriate.

50.    The New Jersey Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

51.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New Jersey Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the New Jersey Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in

inconsistent judgments about Defendants' practices.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

52.     All of the work that Plaintiffs, the FLSA Collective, the New York Class members, and the New Jersey Class Members (together, "Class Members") performed was assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the Class Members have performed.

53.     Upon information and belief, Defendants' business is a centralized, top-down operation controlled by Defendants' headquarters in New York City.

54.     During the relevant period, it has been Defendants' nationwide policy and pattern or practice to classify all Class Members as exempt from coverage of the overtime provisions of the FLSA, NYLL, and/or NJSWHL.

55.     Defendants made the decision to classify all Class Members as exempt.

56.     Defendants compensated Class Members on the basis of an incentive compensation plan and failed to pay them for any hours they worked in excess of 40 hours in a workweek.

57.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, NYLL, and NJSWHL.  This policy and pattern or practice includes but is not limited to:

a.   willfully failing to record all of the time that Plaintiffs and the Class Members have worked for the benefit of the Defendants;

b.   willfully misclassifying Plaintiffs and the Class Members as exempt from the requirements of the FLSA, NYLL, and NJSWHL; and

c.   willfully failing to pay Plaintiffs and the Class Members overtime wages for hours that they worked in excess of 40 hours per week.

11

58.     Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA, NYLL, and NJSWHL.

59.     Defendants were aware, or should have been aware, that federal and state law required them to pay Plaintiffs and the Class Members an overtime premium for hours worked in excess of 40 per week.

60.     Defendants were aware, or should have been aware, that Plaintiffs and the Class Members' primary duty was selling securities and Chase financial products to individual customers in various Chase branches and that their primary duty was not directly related to Chase's or its customers' general business operations or management.

61.     Notwithstanding their job duties, Defendants classified Plaintiffs and the Class Members as exempt employees in an attempt to avoid paying them overtime compensation.

62.     Defendants' failure to pay Plaintiffs and the Class Members overtime wages for their work in excess of 40 hours per week was willful.

63.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFFS' FACTUAL ALLEGATIONS

64.     Szymkiewicz's primary job duty was to sell Chase financial products to individual Chase customers.

65.     Szymkiewicz regularly worked more than 40 hours per week and sometimes as many as 60 hours per week.

66.     Pursuant to Defendants' policy and pattern or practice, Defendants classified Szymkiewicz as exempt from overtime pay requirements and willfully failed to pay her for hours she worked for Defendants' benefit in excess of 40 hours per workweek.

67.     Defendants failed to keep accurate records of Szymkiewicz's hours worked.

68.     Lloyd's primary job duty was to sell Chase financial products to individual Chase customers.

69.     Lloyd regularly worked more than 40 hours per week and sometimes as many as 55 hours per week.

70.     Pursuant to Defendants' policy and pattern or practice, Defendants classified Lloyd as exempt from overtime pay requirements and willfully failed to pay him for hours he worked for Defendants' benefit in excess of 40 hours per workweek.

71.     Defendants failed to keep accurate records of Lloyd's hours worked.

## FIRST CAUSE OF ACTION
**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.**
**(On behalf of Plaintiffs and the FLSA Collective)**

72.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

73.     Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

74.     At all times relevant, Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

75.     The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiffs and the FLSA Collective.

76.     Defendants are employers and/or joint employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

77.     At all times relevant, Plaintiffs and the members of the FLSA Collective were or

have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

78.     Defendants employed Plaintiffs and the members of the FLSA Collective as their employer.

79.     Defendants failed to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours worked in excess of 40 per week, to which they are entitled under the FLSA.

80.     Defendants failed to keep accurate records of time worked by Plaintiffs and the members of the FLSA Collective.

81.     Defendants' violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional.

82.     Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the members of the FLSA Collective.

83.     Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

84.     As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law 190 *et seq.* and 650 *et seq.*
### (On behalf of the New York Plaintiff and the New York Class Members)

85.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

86.     Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

87.     Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

88.     At all times relevant, Defendants were employers of the New York Plaintiff and the New York Class Members within the meaning of the term "employer" in the NYLL.

89.     The New York Plaintiff and the New York Class Members are employees within the meaning of the term "employee" in the NYLL.

90.     Defendants suffered or permitted the New York Plaintiff and the New York Class Members to work.

91.     The overtime wage provisions of the NYLL apply to Defendants and protect the New York Plaintiff and the New York Class Members.

92.     Defendants failed to pay the New York Plaintiff and the New York Class Members overtime wages for hours worked in excess of 40 per week, to which they are entitled under the NYLL.

93.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New York Plaintiff and the New York Class Members and failed to furnish to each of them their wage and hour records showing all hours worked or all wages earned and due for all work performed for labor or services rendered.

94.     By Defendants' knowing or intentional failure to pay the New York Plaintiff and the New York Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the NYLL.

95.     Due to these violations, the New York Plaintiff and the New York Class Members

are entitled to recover from Defendants unpaid overtime, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq*.**
**(On behalf of the New Jersey Plaintiff and the New Jersey Class Members)**

96.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

97.   Defendants engaged in a widespread pattern, policy, and practice of violating the NJSWHL, as detailed in this Class Action Complaint.

98.   Defendants' violations of the NJSWHL, as described in this Class Action Complaint, have been willful and intentional.

99.   At all times relevant, Defendants were employers of the New Jersey Plaintiff and the New Jersey Class Members within the meaning of the term "employer" in the NJSWHL.

100.   The New Jersey Plaintiff and the New Jersey Class Members are employees within the meaning of the term "employee" in the NJSWHL.

101.   Defendants suffered or permitted the New Jersey Plaintiff and the New Jersey Class Members to work.

102.   The overtime wage provisions of the NJSWHL apply to Defendants and protect the New Jersey Plaintiff and the New Jersey Class Members.

103.   Defendants failed to pay the New Jersey Plaintiff and the New Jersey Class Members overtime wages for hours worked in excess of 40 per week, to which they are entitled under the NJSWHL.

104.   Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New Jersey Plaintiff and the New Jersey Class Members and failed to furnish to each of them their wage and hour records showing all hours worked or all wages

16

earned and due for all work performed for labor or services rendered.

105.   By Defendants' knowing or intentional failure to pay the New Jersey Plaintiff and the New Jersey Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the NJSWHL.

106.   Due to these violations, the New Jersey Plaintiff and the New Jersey Class Members are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all other similarly situated persons, pray for the following relief:

A.   That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, been employed by Defendants as Financial Advisors (as defined above).  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.   Designation of each named Plaintiff as class representatives, and counsel of record as Class Counsel;

C.   Unpaid overtime under the FLSA, NYLL, and NJSWHL;

D.   Liquidated damages permitted under the FLSA and NYLL;

E.   Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL and NJSWHL;

F.   Appropriate equitable and injunctive relief to remedy Defendants' violations,

17

including but not necessarily limited to an order enjoining Defendants from continuing their

unlawful practices;

G.      Pre-Judgment and Post-Judgment interest, as provided by law;

H.      Attorneys' fees and costs of suit, including expert fees; and

I.      Such other injunctive and equitable relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by the Complaint.


Dated:       New York, New York
             December 19, 2011

                          Respectfully submitted,
                          **OUTTEN & GOLDEN LLP**
                          By:


                          _____
                          Adam T. Klein

                          **OUTTEN & GOLDEN LLP**
                          Adam T. Klein
                          Rachel Bien
                          Elizabeth Wagoner
                          3 Park Avenue, 29th Floor
                          New York, New York 10016
                          Telephone:  (212) 245-1000

                          *Attorneys for Plaintiffs and the Class and Collective*

# EXHIBIT A

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against J.P. Morgan Chase & Co. and Chase Investment Services Corp., and other related entities and/or individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

By signing and returning this consent form, I designate Outten & Golden LLP to represent me and make litigation decisions on my behalf. I understand that reasonable costs expended by Outten & Golden LLP on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that Outten & Golden LLP will petition the Court to award them attorney's fees from any settlement or judgment in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.

_____
Signature

Ellen Szymkiewicz
Print name

REDACTED
Address

Highland, NY 12528     11/18/2011
City, State, and Zip Code          Date

# EXHIBIT B

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against J.P. Morgan Chase & Co. and Chase Investment Services Corp., and other related entities and/or individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

By signing and returning this consent form, I designate Outten & Golden LLP to represent me and make litigation decisions on my behalf. I understand that reasonable costs expended by Outten & Golden LLP on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that Outten & Golden LLP will petition the Court to award them attorney's fees from any settlement or judgment in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.

_____
Signature

JEFFREY LLOYD
Print name

REDACTED

Address

FORT LEE, NJ 07024          11/22/2011
City, State, and Zip Code          Date