UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JEFFREY LLOYD, et al.,

        Plaintiffs,

-v-                                  No. 11 Civ. 9305 (LTS)

J.P. MORGAN CHASE & CO., et al.,

        Defendants.

------------------------------------------------------------x



### MEMORANDUM ORDER

        Plaintiffs, former Financial Advisors from New York and New Jersey, filed this case on December 19, 2011, bringing claims against their employers J.P. Morgan Chase & Co. ("J.P. Morgan") and Chase Investment Services Corp. ("CISC") (collectively "Chase" or "Defendants") for violations of the Fair Labor Standards Act ("FLSA), the New York Labor Law ("NYLL"), and the New Jersey Wage and Hour Law ("NJWHL"). Defendants have moved to transfer this action to the Central District of California, where a similar action is pending. The Court has reviewed thoroughly the parties' submissions and, for the following reasons, Defendants' motion to transfer is denied.

### Background

        On August 3, 2011, other former Financial Advisors filed a putative class action against CISC in the Northern District of California, alleging that CISC had misclassified them as "exempt" and failed to pay them overtime under California law. Alakozai v. Chase Investment Services Corp., No. 11-CV-03499 (N.D. Cal.). On October 28, 2011, Alakozai was transferred to the Central District of California.

On December 19, 2011, Plaintiffs Jeffrey Lloyd and Ellen Szymkiewicz brought the instant action against CISC and J.P. Morgan Chase & Co., alleging that they and all other current and former Financial Advisors were misclassified as "exempt" and failed to receive overtime compensation. Plaintiffs filed an Amended Class Action Complaint ("Am. Compl.") on April 19, 2012. Plaintiffs in Lloyd bring claims on behalf of a purported nationwide collective under the FLSA, a New York class under New York law, and a New Jersey class under New Jersey law.

Defendants seek the transfer of this case to the Central District of California, where Alakozai, the earlier-filed action, is pending.

## Discussion

"Motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." In re Cuyahoga Equipment Corp., 980 F.2d 110, 117 (2d Cir. 1992). The first-filed rule provides that "two competing but related disputes brought in different fora should be consolidated in the court in which the first action was brought." Id. at 116. Two cases compete "when identical or substantially similar parties and claims are present in both courts." Id. at 116-17; see also McCain v. Rahal Letterman Racing, LLC, No. 07 Civ. 5729, 2007 WL 2435170, at *2 (S.D.N.Y. Aug. 27, 2007) ("Under the so-called 'first-filed rule,' when two district courts concurrently have before them actions involving substantially or effectively the same parties and issues, there is a strong presumption in favor of transfer to the forum of the first-filed suit"). While competing claims need not present exactly the same issues to trigger the first-filed rule, the cases must be related. GT Plus, Ltd. v. Ja-Ru, Inc., 41 F. Supp. 2d 421, 424 n.2 (S.D.N.Y. 1998).

Here, although there is some basic similarity of claims between the two actions and one defendant is identical, transfer under the first-filed rule is unwarranted because the state-law based claims and class definition in the Alakozai action do not subsume, and their resolution would not be conclusive of, those asserted in the instant action. The Alakozai plaintiffs bring claims under California law, on behalf of Financial Advisors who are or were employed in California by CISC any time from July 15, 2007, to the present. (Declaration of Thomas A. Linthorst in Support of Defendants' Motion to Transfer Venue (hereinafter "Linthorst Decl."), Ex. 4, ¶ 4.) The Alakozai plaintiffs seek restitution of overtime wages under the unfair competition provision of California Business & Professional Code § 17203, and restitution of wage deductions, reimbursement of expenses, and the recovery of certain penalties under California's Labor Code. While the Alakozai plaintiffs' California state law claims for overtime wages refer to standards established by the FLSA (id. ¶¶ 30 - 32), the plaintiffs' other California state law claims focus on standards and requirements that are specific to that state's law. (Id. ¶¶ 37-43.)

In contrast to the California-only Alakozai class, the plaintiffs in Lloyd seek to represent a nationwide class of Financial Advisors who worked for Defendants since January 1, 2009. (Am. Compl. ¶ 32.) Additionally, Plaintiff Lawrence Kaufmann brings New York Labor Law claims on behalf of himself and a class of all persons who have worked for Defendants in New York as Financial Advisors since January 1, 2009, and Plaintiff Jeffrey Lloyd brings New Jersey State Wage and Hour Law claims on behalf of himself and a class of all persons who have worked for Defendants in New Jersey as Financial Advisors since January 1, 2009. (Am. Compl. ¶¶ 34, 43.)

Courts that transfer wage and hour actions under the first-filed rule generally do so when the collective identified in a state-law based second-filed action falls within the scope of a nationwide FLSA collective asserted in the first filed action. For example, in Fryda v. Takeda Pharmaceuticals North America, No. 1:11-cv-00339, 2011 WL 1434997 (N.D. Ohio Apr. 14, 2011), plaintiffs in the second-filed suit alleged violations of Ohio wage law and proposed an Ohio-only class. Applying the first-filed rule, the court transferred the case, noting that the plaintiffs in the second-filed suit were a subset of the class in the first-filed nationwide FLSA suit, and that Ohio law and the FLSA applied the same standard. Id. at *5. Similarly, in Fossum v. Northwestern Mutual, No. C 10-2657 SI, 2010 U.S. Dist. LEXIS 99904, at *5 (N.D. Cal. Sep. 16, 2010), the court transferred the second-filed California state-law suit, in part because the second-filed putative class was "entirely subsumed" within the first-filed suit's FLSA and California classes.[1] Here, the procedural posture is reversed - were this Court to transfer Lloyd to the Central District of California, it would be transferring a nationwide FLSA suit with New York and New Jersey sub-classes on the basis of general similarity to the much narrower California-only Alakozai claims.

A decision that is particularly instructive is Wilkie v. Gentiva Health Services, Civ. No. 10-1451 FCD/GGH, 2010 WL 3703060 (E.D. Cal. 2010). In Wilkie, the first-filed action was brought in the Eastern District of New York, on behalf of a putative nationwide

---

[1] Defendants rely on Spellman v. American Eagle Express, No. 09-1666 (RMC), 2010 U.S. Dist. LEXIS 42463 (D.D.C. Apr. 9, 2010), a case where the court transferred a second-filed action alleging FLSA and Maryland and Washington, D.C. wage law violations to a district where the first-filed suit alleged only violations of Pennsylvania law. The Spellman court, however, did not apply the first-filed rule, and transferred the second-filed case to Pennsylvania based on a consideration of the equities under §1404(a), notably the second-filed action's tenuous ties to the District of Columbia and much stronger connection to the Eastern District of Pennsylvania. Id., at *6.

FLSA class, and also North Carolina and New York subclasses. 2010 WL 3703060, at *1. The second-filed action was brought against the same defendant in the Eastern District of California and, in addition to a nationwide FLSA claim, also alleged California state law claims and sought to represent a California subclass. Id., at *1 - 2. The Court declined to transfer the second-filed action to the Eastern District of New York, noting that the California class was "separate and distinct from any and all . . . sub-classes [in the first-filed action]." Id., at *4. While the FLSA legal issues in both cases were similar, the California law claims in the second-filed action were "dissimilar from both the [first-filed] action's FLSA claim and the North Carolina and New York state law claims." Id.

## Conclusion

For the foregoing reasons, Defendants' motion to transfer is denied. This Memorandum Order resolves docket entry no. 19. An initial pretrial conference is scheduled for Thursday, September 13, 2012 at 12:00 p.m. in Courtroom 11C.

Dated: New York, New York
      August 14, 2012

 

LAURA TAYLOR SWAIN
United States District Judge