# Exhibit F

# COURT-AUTHORIZED NOTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## To all Financial Advisors or Financial Advisor Associates who worked for Chase at any time between January 1, 2009 and the present

## The purpose of this notice is to: (1) inform you of a lawsuit under the Fair Labor Standards Act ("FLSA"); (2) advise you about how your rights may be affected by the lawsuit; (3) instruct you on the procedure you must follow if you want to include your own claim and join the lawsuit as a plaintiff; and (4) notify you of the possible obligations and consequences if you choose to join this lawsuit.

## A collective action lawsuit may affect your legal rights.

*This is a court-authorized notice.  This is not a solicitation from a lawyer.*

- Former Financial Advisors have sued J.P. Morgan Chase & Co. and Chase Investment Services Co. ("Chase"), claiming that Chase misclassified them as exempt employees and failed to pay them overtime for hours they worked over 40 in a workweek as required by law.

- The lawsuit is proceeding as a collective action on behalf of all Financial Advisors and Financial Advisor Associates (together "Financial Advisors") who worked for Chase at any time from January 1, 2009 through the present.

- Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **ASK TO BE INCLUDED** | If you choose to be included in this collective action, you keep the possibility of getting money or benefits that may come from a trial or a settlement in this lawsuit, but you give up any rights to separately sue Chase about the same legal claims in this lawsuit.<br><br>**If you wish to be included, you must complete the "Consent to Join" form at the end of this Notice.** |

| | |
|---|---|
| **DO NOTHING** | By doing nothing, you will not be included in this collective action. This means that you give up the possibility of getting money or benefits that may come from a trial or settlement in this lawsuit if those bringing the lawsuit are successful. You keep any rights to sue Chase separately about the same legal claims in this lawsuit. You should know that the limitations period on your claim will continue to run. Each day you do not take action to protect your claims, they diminish. |

- Your options are explained in this notice. To ask to be included in the lawsuit, you must act before [insert 90 days from date notice is sent out].

- If money or benefits are obtained from Chase, and you choose to be included in the case, you will be notified.

**This notice contains information that affects your rights. Please read it carefully.**

### 1. Why did I get this notice?

You are getting this notice because Chase's records show that you work or worked as a Financial Advisor during the period covered by this lawsuit. The Court is trying to determine which employees wish to participate in the case. A trial may be necessary to decide whether the claims being made against Chase have merit. The Honorable Laura Taylor Swain, United States District Court Judge in the Southern District of New York, is overseeing this collective action. The collective action consists of two related lawsuits, known as *Lloyd, et al. v. J.P. Morgan Chase & Co., et al.*, No. 11 Civ. 9305 (LTS), and *Ciullo, et al. v. J.P. Morgan Chase & Co., et al.*, No. 12 Civ. 2197 (LTS).

### 2. What is the lawsuit about?

The lawsuit is about whether Chase misclassified Financial Advisors as exempt from the requirements of the federal overtime law, the Fair Labor Standards Act, and New York overtime law, the New York Labor Law, and should have paid them overtime for the hours that they worked over 40 in a workweek.

### 3. What is a collective action and who is involved?

In a collective action lawsuit, one or more persons who have similar claims can bring a lawsuit that includes others who have similar claims. All Financial Advisors who decide to participate in the case are part of a "Collective" or "Collective Action Members." The individuals who brought the lawsuit – and all of the Collective Action Members – are called the Plaintiffs. The corporate entities that they have sued – J.P. Morgan Chase & Co. and Chase Investment Services Co. – are called the Defendants. One Court resolves the issues for everyone who decides to join the case.

**4. Why is the lawsuit a Collective Action?**

The Court has conditionally authorized this case to proceed as a collective action under § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Specifically, the Court found that the Plaintiffs who filed this lawsuit are "similarly situated" to other Financial Advisors that worked at Chase.

**5. What is Chase's position?**

Chase maintains that its classification of Financial Advisors as exempt was lawful.

**6. Has the Court decided who is right?**

The Court has not decided whether Chase or the Plaintiffs are correct.  By establishing the Collective and issuing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

**7. What are the Plaintiffs asking for?**

Plaintiffs are seeking to recover unpaid overtime wages, 100% (double) liquidated damages, out of pocket work-related expenses, attorneys' fees, and costs.

**8. Can I join this lawsuit?**

To be eligible to join this lawsuit, you must have worked as a Financial Advisor at Chase at any time since January 1, 2009 through the present.

**9. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get free help by calling or writing the Plaintiffs' lawyers in this case:

Adam T. Klein, Rachel Bien, Deirdre Aaron
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
(212) 245-1000 or toll free (877) 468-8836
ChaseFALawsuit@outtengolden.com

-or-

John Halebian, Adam Mayes
Lovell Stewart Halebian Jacobson LLP
317 Madison Avenue, 21st floor
New York, New York 10017
(212) 500-5010

If you call or write, you should refer to the Chase Financial Advisor case.

## 10. What happens if I do nothing at all?

If you choose not to join the lawsuit, you will not be affected by any ruling, judgment or settlement rendered in this case, whether favorable or unfavorable. You will <u>not</u> be entitled to share any amounts recovered by Plaintiffs as part of the lawsuit. You also will be free to independently retain your own counsel and file your own lawsuit, subject to any defenses that might be asserted. You should be aware that your federal wage and hour claims are limited by a two- or three-year statute of limitations. Delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law. If you proceed separately, you may also have to pay your own lawyer.

## 11. What happens if I join the lawsuit?

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. You will also share in any proceeds from a settlement or judgment favorable to the Collective. By joining this lawsuit, you designate the named Plaintiffs as your representatives, and to the fullest extent possible, you designate the named Plaintiffs to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. Decisions made and agreements entered into by the named Plaintiffs will be binding on you if you join the lawsuit. While this suit is pending, you may be asked to provide documents or information relating to your employment, or otherwise participate in written and/or oral discovery proceedings and/or in a trial of this matter.

## 12. Can Chase or my current employer retaliate against me if I join the lawsuit?

<u>It is a violation of federal law for Chase or your current employer to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case.</u> If you believe that you have been penalized, discriminated against, or disciplined in any way as a result of your receiving this notification, considering whether to join this lawsuit, or actually joining this lawsuit, you may contact Plaintiffs' lawyers or any other lawyers of your choosing.

## 13. How do I ask the Court to include me in the case?

Enclosed is a "Consent to Join" form. **If you choose to join this lawsuit, it is extremely important that you read, sign, and promptly return the Consent to Join form to the address listed below <u>by the deadline listed below</u>**. A self-addressed and postage-paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

   **[Insert name and address of Claims Administrator to be approved by the Court.]**

You can also fax the Consent to Join form to **[insert claims administrator fax number]** or scan and email it to **[insert claims administrator email address]**.

4

The signed Consent to Join form must be postmarked by [90 days from mailing of this Notice]. **If your signed Consent to Join Form is not postmarked by [90 days from mailing of the Notice], you may not be allowed to participate in this lawsuit, or share in a monetary recovery, and you will not be bound by any settlement or judgment.**

### 14. Do I have a lawyer in this case?

If you choose to join this lawsuit, you will be represented by Adam T. Klein, Rachel Bien, Deirdre Aaron, and other lawyers at Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016, www.outtengolden.com, and by John Halebian, Adam Mayes, and other lawyers at Lovell Stewart Halebian Jacobson LLP, 317 Madison Avenue, 21st floor, New York, NY 10017, www.lshllp.com.

### 15. Should I get my own lawyer?

You do not need to hire you own lawyer because Plaintiffs' counsel will be working on your behalf.

### 16. How will the lawyers be paid?

The named Plaintiffs have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if you join the lawsuit and Plaintiffs do not win, there will be no attorneys' fees or costs chargeable to you. In the event there is a recovery, Plaintiffs' counsel will apply to the Court to receive the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the Court to be separately paid by Chase, or may be a combination of the two. A copy of the contingency fee agreement executed by the named Plaintiffs may be obtained upon request from Plaintiffs' counsel identified above.

DATED:   [INSERT MONTH] ___, 2013