Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540
Tel: 609.919.6600
Fax: 609.919.6701
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW
A Pennsylvania Limited Liability Partnership

RANDALL B. SUNBERG
Partner-in-Charge

Thomas A. Linthorst
609.919.6642
tlinthorst@morganlewis.com
eFax: 877.432.9652

April 17, 2013    MEMO ENDORSED



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 1 9 2013

**VIA FACSIMILE**

The Honorable Laura Taylor Swain
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street, Courtroom 11C
New York, NY 10007-1312

Re:   Lloyd, et al. v. JPMorgan Chase & Co., et al., Case No. 11-cv-9305 (LTS);
      Ciullo, et al. v. JPMorgan Chase & Co., et al., Case No. 12-cv-2197 (LTS)

Dear Judge Swain:

We represent Defendants JPMorgan Chase & Co. and J.P. Morgan Securities, LLC (as successor in interest to Chase Investment Services Corp.) in the above cases. We write to request leave to submit a brief sur-reply of no more than four pages in response to two new arguments and requests for affirmative relief raised in Plaintiffs' Reply Memorandum of Law in Support of their Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA. (Dkt. No. 88).

Plaintiffs' Reply Brief incorporates two new arguments and requests for relief that were not included in their Moving Brief, and, consequently, Defendants have not had the opportunity to respond:

1. The statute of limitations period should be tolled from the date Plaintiffs filed their motion for conditional certification (Pls' Reply Br. at 21); and

2. The declarations filed in support of Defendants' Opposition should be stricken on the grounds that Defendants did not disclose the declarants' identities prior to filing their Opposition Brief (Pls' Reply Br. at 6-7).

To prevent unfairness, courts in this Circuit apply a general rule that "new arguments may not be made in a reply brief." *See Advanced Fiber Technologies Trust v. J & L Fiber Servs., Inc.*, 2010 WL 1948242 (N.D.N.Y. May 12, 2010) (citing *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164

Almaty  Beijing  Boston  Brussels  Chicago  Dallas  Frankfurt  Harrisburg  Houston  Irvine  London  Los Angeles  Miami
Moscow  New York  Palo Alto  Paris  Philadelphia  Pittsburgh  Princeton  San Francisco  Tokyo  Washington  Wilmington

# Morgan Lewis
COUNSELORS AT LAW
A Pennsylvania Limited Liability Partnership

The Honorable Laura Taylor Swain
April 17, 2013
Page 2

F.3d 110, 112 (2d Cir. 1999), and *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993)). Thus, the rationale of "fair play" permits the Court to "disregard arguments first raised in reply papers." *See, e.g. Rowley v. City of New York*, 2005 WL 2429514, at *5 (S.D.N.Y. Sept. 30, 2005) (The Second Circuit "has made clear it disfavors new issues being raised in reply papers"); *Keefe v. Shalala*, 71 F.3d 1060, 1066 n.2 (2d Cir. 1995) (The Second Circuit "will not consider arguments raised for the first time in a reply brief").

As an alternative to disregarding such arguments, the Court may grant an opposing party leave to file a sur-reply brief responding to the new issues raised in the reply. *See Newton v. City of New York*, 738 F. Supp. 2d 397, 417 n.11 (S.D.N.Y. 2010) (granting sur-reply to address arguments raised for first time in reply; "courts have broad discretion to consider arguments in a sur-reply"); *Lee v. Coughlin*, 26 F. Supp. 2d 615, 617 n.2 (S.D.N.Y. 1998) (allowing sur-reply brief to address a new issue raised in reply brief); *see also Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F.Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992) ("Where new evidence is presented in a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to the disposition of the motion.").

These requests for affirmative relief, raised for the first time in the Reply, should either be disregarded, raised by notice motion, or, at a minimum, Defendants should have an opportunity to respond. If the latter, Defendants request a four-page sur-reply to address these two arguments and requests for relief.

Plaintiffs do not consent to this request. Plaintiffs claim that these two arguments are rebuttals to issues raised in Defendants' opposition. However, if Plaintiffs sought to send notice beyond the maximum three-year statute of limitation based on an argument of tolling, it should have been requested in their opening brief in support of such notice. And while Plaintiffs' request to strike Defendants' declarations responded to the evidence submitted with Defendants' opposition, it could have been filed as a notice motion and, in any event, Defendants should be permitted to respond before the Court considers striking evidence with respect to this important motion.

Respectfully submitted,

Thomas A. Linthorst

cc: Rachel M. Bien, Esq. (via Facsimile and e-mail)
John Halebian, Esq. (via Facsimile and e-mail)

*[Handwritten:]* Defendants may file a 4-page sur-reply by April 26, 2013. Plaintiffs may file a 4-page sur-sur-reply by May 3, 2013. No further submissions.

SO ORDERED:

*/s/* 4/19/13
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE