Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel. 212.309.6000
Fax: 212.309.6001
www.morganlewis.com



# Morgan Lewis
COUNSELORS AT LAW

**Thomas A. Linthorst**

609-919-6642
tlinthorst@morganlewis.com

May 6, 2013

**VIA FACSIMILE**

The Honorable Laura Taylor Swain
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl St., Courtroom 11C
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 0 7 2013

**Re:** Lloyd, et al. v. JPMorgan Chase & Co., et al., Case No. 11-cv-9305 (LTS)
Ciullo, et al. v. JPMorgan Chase & Co., et al., Case No. 12-cv-2197 (LTS)

Dear Judge Swain:

We represent Defendants JPMorgan Chase & Co. and J.P. Morgan Securities, LLC (as successor in interest to Chase Investment Services Corp.) in the above cases and write in response to the letter from Rachel Bien, Esq. dated May 2, 2013, in which Ms. Bien purports to update the Court regarding a complaint pending before the National Labor Relations Board ("NLRB" or "Board").

Contrary to Plaintiffs' assertion, "the NLRB" has not issued a complaint; rather, a single Regional Director of the NLRB has issued a complaint, which *starts* the adjudicatory process that may ultimately be decided by "the NLRB." The filing of a complaint before the Board does not signal any adjudication of the issue. *See* 29 C.F.R. § 102.15.

Also, contrary to Plaintiffs' assertion, "the NLRB" is not holding a hearing at this time. An administrative law judge ("ALJ") has scheduled a hearing for May 30th. The timing of any decision by the ALJ is uncertain and, in any event, any decision by the ALJ could be appealed by either side to the NLRB. Even if the NLRB had a proper quorum of Members at this time, which it does not, it likely would be a year or more before any decision by the Board following the ALJ's decision. Moreover, the Board's orders are not self-enforcing, but would require a Circuit Court of Appeals to review and decide whether to enforce the order. 29 U.S.C. §160(e), (f).

As noted, however, the delays before the Board likely will be much longer because the United States Court of Appeals for the District of Columbia Circuit ruled recently that the Board does

Morgan Lewis
COUNSELORS AT LAW

The Honorable Laura Taylor Swain
May 6, 2013
Page 2

not have a quorum of constitutionally-appointed Members. *Noel Canning v. N.L.R.B.*, 705 F.3d 490, 494 (D.C. Cir. 2013). The Board has petitioned the Supreme Court to hear the case. If the Supreme Court takes the case, the earliest the case would be decided likely would be next term, perhaps over a year away. If the Supreme Court declines to take the case, or if it affirms the *Noel Canning* decision, the Board could not take any further actions until a valid quorum of constitutionally-appointed members was established,[1] and all actions taken by the Board without a proper quorum would be invalid.

Moreover, the complaint before the Board is based on the invalid and erroneous Board decision in *D.R. Horton*, 357 NLRB No. 184, 2012 WL 36274 (Jan. 3, 2012), a decision that was rushed out by two Members of what is supposed to be a five-member Board. The decision in *D.R. Horton* has been thoroughly rejected by the federal courts in over two dozen decisions, including the decision of this Court. *Ryan v. JPMorgan Chase & Co.*, -- F. Supp. 2d --, 2013 WL 646388, *6 (S.D.NY. Feb. 21, 2013) ("[T]his Court joins numerous other courts in finding the NLRA does not determine whether a plaintiff has a right to bring a collective action under the FLSA"); *see also Torres v. United Healthcare Services, Inc.*, --- F.Supp.2d ----, 2013 WL 387922 (E.D.N.Y. Feb. 1, 2013) (granting motion to compel arbitration of FLSA claims and enforcing collective action waiver; "The NLRB's interpretation of the FAA (or other 'statutes outside its expertise') is not entitled to any particular deference by this Court."); *Owen v Bristol Care, Inc.*, 702 F.3d 1050, 1054 (8th Cir. 2013) (holding that *D.R. Horton* was entitled to no deference, and noting the NLRB has no special competence interpreting the FAA).

The arbitration agreement at issue in this case (*see* Dkt. No. 67) is the same form of agreement that was recently enforced by this Court in the *Ryan* decision. *Ryan*, 2013 WL 646388, at *1-2.[2] In fact, plaintiffs' counsel in *Ryan* also notified Judge Briccetti that an NLRB Regional Director had decided to issue a complaint with respect to that agreement (*Ryan* Dkt No. 18), but Judge Briccetti properly granted the motion to compel arbitration under the Federal Arbitration Act (FAA). This Court should follow the FAA, the decision in *Ryan*, and the overwhelming authority from the Supreme Court, Second Circuit, and district courts in this Circuit enforcing arbitration agreements in accordance with their terms.

---

[1] Because any party may appeal a Board decision to the District of Columbia Circuit, 29 U.S.C. § 160(f), if the Supreme Court does not grant certiorari, the decision in *Noel Canning* would effectively apply to any future Board decision so long as the Board remains without a proper quorum.

[2] The NLRB proceedings pertain only to the Binding Arbitration Agreement, and not to the arbitration agreement at issue with respect to Plaintiffs Kaufman, Hyman, Krichman, and Lammert. (Dkt. No. 65).

Morgan Lewis
COUNSELORS AT LAW

The Honorable Laura Taylor Swain
May 6, 2013
Page 3

Respectfully submitted,

*/s/ Thomas A. Linthorst*

Thomas A. Linthorst

cc:   Adam T. Klein, Esquire (via facsimile and email)
      Rachel Bien, Esquire (via facsimile and email)
      John Halebien, Esquire (via facsimile and email)
      Sam S. Shaulson, Esquire