```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JEFFREY LLOYD, et al.,

        Plaintiffs,

   -v-                                                      No.  11 Civ. 9305 (LTS)

J.P. MORGAN CHASE & CO., et al.,

        Defendants.
-------------------------------------------------------x
KENNETH CIULLO,

        Plaintiff,

   -v-                                                      No. 12 Civ. 2197 (LTS)

J.P MORGAN CHASE & CO., et al.,

        Defendants.
-------------------------------------------------------x
```

MEMORANDUM ORDER

Plaintiffs, who were formerly employed as Financial Advisors or Financial Advisor Associates in New York and New Jersey by J.P. Morgan Chase & Co. ("J.P. Morgan") and Chase Investment Services Corp. ("CISC") (collectively "Chase" or "Defendants"), bring these putative class and collective actions against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the New Jersey Wage and Hour Law ("NJWHL").  Before the Court are three motions: 1) Plaintiffs' motion for conditional collective action certification in connection with their FLSA claims; 2) Defendants' motion to compel arbitration and dismiss or, alternatively, stay the claims asserted by Opt-in Plaintiffs Robert M. Johnson, Jennifer Zaat-Hetelle, Scott Vanhoogstraat, Peter Piccoli and Graeme H. Patey; and 3) Defendants' motion to compel arbitration and dismiss or, alternatively, stay the claims asserted by Plaintiff Lawrence Kaufmann and Opt-in Plaintiffs Susan Hyman,

Alan Krichman and Jeffrey Lammert. The Court has considered carefully all of the parties' submissions. For the following reasons, Plaintiffs' motion for conditional certification is granted; Defendants' motion to compel arbitration as to Plaintiffs Johnson, Zaat-Hetelle, Vanhoogstraat, Piccoli and Patey is granted; and Defendants' motion to compel arbitration as to Plaintiffs Kaufmann, Hyman, Krichman and Lammert is denied.

BACKGROUND

The following facts are taken from the allegations in the Amended Complaint ("Compl.") and affidavits,[1] and are assumed to be true for purposes of the instant motion practice. On December 19, 2011, Plaintiffs Jeffrey Lloyd and Ellen Szymkiewicz commenced the instant action against CISC and J.P. Morgan Chase & Co., alleging that they and all other current and former Financial Advisors and Financial Advisor Associates were misclassified as "exempt" and thus were denied overtime compensation to which they were entitled. Plaintiffs filed an Amended Class Action Complaint ("Am. Compl.") on April 19, 2012.[2] Plaintiffs bring claims on behalf of a purported nationwide collective under the FLSA, a New York class under New York law, and a New Jersey class under New Jersey law.[3]

All Financial Advisors and Financial Advisor Associates (together, "Financial

---

[1] For purposes of this motion practice, the Court takes as true affidavits that proffered by Plaintiffs or that are offered by Defendants and uncontroverted.

[2] The Amended Complaint replaced named Plaintiff Szymkiewicz with Lawrence Kaufmann. (ECF No. 31.) On November 27, 2012, the Court so-ordered a stipulation dismissing Szymkiewicz's claims with prejudice.

[3] On March 23, 2012, Plaintiff Kenneth Ciullo filed a separate action, Ciullo v. J.P. Morgan Chase & Co., No. 12 Civ. 2197, asserting similar claims. The Court accepted Ciullo as a related case on June 6, 2012. Plaintiffs' instant motion practice does not seek certification of their putative state law class action claims pursuant to Federal Rule of Civil Procedure 23.

Advisors" or "FAs") have the same primary job duty, which is selling Chase's financial products to individuals in Chase branches. (See, e.g., Lloyd Decl. at 4-5, Exh. G to Bien Aff. in Support of Motion to Certify Class, ECF No. 64 (hereinafter "Bien Class Cert. Aff.").) The typical day-to-day duties of a Financial Advisor involve:

1) Making calls to individuals to tell them about Chase products for sale and to attempt to sign those individuals up as customers;

2) Meeting individuals at Chase branches to attempt to sign them up for Chase products;

3) Soliciting "walk-in" individuals in Chase branches and attempting to sign them up for Chase products; and

4) Interacting with Chase bankers in the branches in order to obtain customer referrals for purposes of selling Chase financial products.

(See, e.g., Kaufmann Decl. at 8, Exh. H to Bien Class Cert. Aff.) Chase's training manual for Financial Advisors describes them as "Sales Specialists" and instructs them as to the "art of selling." (Training Workbook at 8, 23-24, Exh. B to Bien Class Cert. Aff.) Chase's job description for Financial Advisors is uniform across the country (see Exh. E to Bien Class Cert. Aff.), and all Financial Advisors are subject to the same system of compensation. (Exh. C to Bien Class Cert. Aff.) Chase classifies all Financial Advisors as "exempt" employees for FLSA purposes and does not pay them overtime compensation.

Opt-in Plaintiffs Johnson, Zaat-Hetelle, Vanhoogstraat, Piccoli and Patey

Upon being hired by Chase, each of these Plaintiffs entered into a written Binding Arbitration Agreement (the "BAA"), which provides that:

>As a condition of and in consideration of my employment with JPMorgan Chase & Co. or any of its direct or indirect subsidiaries, I agree with JPMorgan Chase as follows:
>
>1. SCOPE: Any and all "Covered Claims" (as defined below) between me and JPMorgan Chase . . . shall be submitted to and resolved by final and binding arbitration in accordance with this Agreement.
>
>2. COVERED CLAIMS: "Covered Claims" include all legally protected employment-related claims that I have or in the future may have against JPMorgan Chase . . . which arise out of or relate to my employment or separation from employment with JPMorgan Chase . . . including, but not limited to, . . . [violations of] the Fair Labor Standards Act of 1938 . . . .
>
>4. CLASS ACTION/COLLECTIVE ACTION WAIVER: All Covered Claims under this Agreement must be submitted on an individual basis. No claims may be arbitrated on a class or collective basis. Covered parties expressly wave any right with respect to any Covered Claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court. . .

(Heather Emmert Decl., Exhs. A-J; Plaintiffs' Binding Arbitration Agreements at 1, 2, and 4

(attached as Exh. 1 to Linhorst Decl., ECF No. 69).)


Plaintiff Kaufmann, and Opt-in Plaintiffs Hyman, Krichman and Lammert

In May and June of 2009, each of these Plaintiffs executed an arbitration

agreement (the "Agreement") with Defendants, which provides in pertinent part as follows:

>12. Arbitration of Controversies
>Any claim or controversy concerning you arising out of or in connection with the business activities of JPMC, your activities and/or your appointment as a registered representative or your employment and/or the termination thereof required to be arbitrated by the FINRA Rules shall be resolved by individual (not class or collective) arbitration in accordance with the Code of Arbitration Procedure of the FINRA (including the FINRA Arbitration Disclosure Rule and Procedures for Employment Arbitration Disclosure Statement), and in accordance with applicable law . . . . [N]o claims shall be arbitrated on a class or collective action or collective or class-wide basis.

(Heather Emmert Decl., Exhs. A-D; Agreements at 12 (attached as Exh. 1 to Linhorst Decl., ECF No. 70).)

DISCUSSION

Conditional Certification

Plaintiffs seek conditional certification of a collective action pursuant to section 16(b) of the FLSA, which authorizes private parties to bring overtime claims "[o]n behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b).  Plaintiffs argue that Chase FAs were misclassified as exempt employees and so were improperly denied overtime wages.  Defendants' principal merits defense to Plaintiffs' claims is that FAs are subject to the FLSA's administrative exemption.[4]  See 29 C.F.R. §§ 541.200; 541.203(b).

In determining whether to certify an FLSA collective action to facilitate notice to other potential plaintiffs, the court makes an initial assessment as to whether there are potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs with respect to the claim asserted under the FLSA.  See Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010). Plaintiffs need make only a "'modest factual showing'" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." Id.  "In an FLSA exemption case, plaintiffs accomplish this by making some showing that there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions, on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme." Id.  While the "modest factual

---

[4]  Defendants also argue that Plaintiffs could potentially be subject to the professional exemption, the executive exemption, the highly compensated exemption, and the outside sales exemption.  See 29 C.F.R. §§ 541.301;541.100; 541.601; 541.500.

showing" may not be satisfied by unsupported assertions, it is a low standard of proof, as the "purpose of [the] first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." Id. (emphasis in original); see also Morales v. Plantworks, Inc., No. 05 Civ. 2349, 2006 WL 278154, at *1 (S.D.N.Y. Feb. 2, 2006) (courts apply a lenient standard for conditional certification of a collective action). "In ascertaining whether potential opt-in plaintiffs are similarly situated, courts should not weigh the merits of the underlying claims." Pippins v. KPMG LLP, No. 11 Civ. 0377, 2012 WL 19379, at *6 (S.D.N.Y. Jan 3, 2012). "Courts typically authorize dissemination of Section 216(b) notice upon a simple showing that other employees may also have been subjected to the employers' practice of 'misclassifying' employees as exempt." Id. (internal quotations omitted).

      Plaintiffs have submitted declarations from thirteen individuals who worked as Financial Advisors in ten different states. These individuals testify that they all performed the same primary job duty and day-to-day tasks, were subject to the same compensation policies, and regularly worked overtime at Chase. (Exhs. G-S to Bien Class Cert. Aff.) Plaintiffs also point to Chase's job description of the Financial Advisor position, which is identical for various locations in the United States. (See Exh. E to Bien Class Cert. Aff.)

      Defendants argue, in opposition, that FAs are correctly classified as exempt from the FLSA's overtime regulations and that there are significant variations in the duties of FAs, such that they cannot be considered "similarly situated." At this stage of the certification inquiry, neither of Defendants' arguments is availing.[5]

---

[5]     The Court also notes that Defendants' two arguments contradict each other to at least some extent. On the one hand, Defendants contend that all FAs are so similarly situated that they are properly classified as exempt under the administrative exemption. On the other hand, Defendants contend that FAs vary so drastically in job responsibilities that, as a class, they are not similarly situated for purposes of challenging the classification.

Defendants' argument that conditional certification should be denied because FAs are correctly classified as exempt is not appropriately considered at this conditional stage of the certification inquiry. Exemptions "are affirmative defenses to overtime pay claims, and [an employer] bears the burden of proving that a plaintiff has been properly classified as an exempt employee." Pippins, 2012 WL 19379, at *3. Accordingly, whether or not Plaintiffs are properly subject to an exemption from the FLSA's overtime provisions is a merits issue; the law is clear that courts should not weigh the merits at this point in the litigation. Id. at *6.[6] Defendants' reliance on Bachrach v. Chase Investment Services Corp., et al., No. 06-2785, 2007 WL 3244186 (D.N.J. Nov. 1, 2007) is misplaced. In Bachrach, Plaintiffs had moved under Federal Rule of Civil Procedure 23 for certification of a class of FAs employed by Chase in an overtime case asserting state law claims. The Bachrach court denied the motion, noting that the proposed class members likely qualified as "administrative employees" and thus would not have a viable claim to overtime pay under the relevant state provisions. 2007 WL 3244186, at *1. The Bachrach Court applied the more demanding Rule 23 class certification standard, and denied Rule 23 class certification for reasons that are not relevant to the instant FLSA inquiry.

Defendants next contend that Plaintiffs and other FAs are not similarly situated with respect to their job duties and possible exempt status. In support of this argument, Defendants have submitted numerous declarations in which other Chase FAs testify that their

---

[6] This Court declines to follow Amendola v. Bristol-Myers Squib, 558 F. Supp. 2d 459 (S.D.N.Y. 2008), which, citing the standard established by the Second Circuit for Rule 23 class certification decisions, conducted an analysis of the parties' likelihood of success on the merits in denying conditional FLSA certification. The Second Circuit's subsequent decision in Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010), clarified the continued vitality of the lower, "some showing" standard for initial FLSA notice determinations. See, e.g., Cunningham v. Electronic Data Systems Corp., 754 F. Supp. 2d 638, 645-46 (S.D.N.Y. 2010) (declining to follow Amendola); Stevens v. HMSHost Corp., No. 10 Civ. 3571, 2012 WL 4801784, at *2 n.5 (E.D.N.Y. Oct. 10, 2012) ("Amendola has been soundly rejected within this circuit").

duties varied widely.  As an initial matter, Plaintiffs argue that the Court should not consider the declarations submitted by Chase, because Chase did not previously disclose the identities of the declarants.  See Federal Rule of Civil Procedure 26(a)(1)(A)(i) (requiring a party to disclose the identity of individuals likely to have discoverable information that the party may use to support its claims or defenses); Brown v. Wal-Mart Stores, Inc., No. 09 Civ. 3339, 2012 WL 3672957, at *2-3 (N.D. Cal. Aug 24, 2012) (declining to consider declarations submitted by defendant in opposition to motion for class certification when defendant did not disclose identities of declarants pursuant to Rule 26.)  The Court need not address the issue of Defendants' Rule 26(a)(1) compliance because even if Defendants' proffers are considered, Plaintiffs' evidence is sufficient to satisfy Plaintiffs' burden of showing that other FAs are, potentially, similarly situated.  See Pippins, 2012 WL 19379, at *12 ("To balance the parties' competing affidavits at this stage would require the Court to determine the facts, determine credibility of the affiants, and resolve legal contentions, all of which the conditional certification and potential later decertification process is structured so as to avoid").

        The declarations that Plaintiffs have submitted, along with Chase's own description of the Financial Advisor position are sufficient to demonstrate that "there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions . . . who are classified as exempt pursuant to a common policy or scheme."  See Myers v. Hertz Corp., 624 F.3d at 555; see also Pippins, 2012 WL 19379, at *9 (granting conditional certification where plaintiffs "submitted pleadings, affidavits, and other evidence . . . that they [were] similarly situated with respect to their job duties and requirements" and employer's job description for the position of Audit Associate was identical across offices).  Plaintiffs' declarations further assert that FAs were compensated in the same manner, and

regularly worked overtime. There is no dispute that Chase classified all FAs as exempt from the FLSA's overtime provisions.

The cases upon which Defendants rely are readily distinguishable. See, e.g., Guillen v. Marshalls of MA, Inc., 841 F. Supp. 2d 797, 800-01 (S.D.N.Y. 2012) (denying conditional certification of nationwide class when plaintiff only presented evidence of duties performed by two employees who both worked in New York); Khan v. Airport Mgmt. Servs., LLC, 10 Civ. 7735, 2011 WL 5597371, at *4-5 (S.D.N.Y. Nov. 16, 2011) (denying conditional certification where, inter alia, employees plaintiff identified as similarly situated submitted declarations rejecting plaintiff's claims). Finally, Defendants' argument that exemption defenses preclude a collective action because they require fact-intensive inquiries of the tasks that FAs performed is unavailing. Courts have repeatedly rejected such arguments. See, e.g., Cohen v. Lehrman Grp., 686 F. Supp. 2d 317, 329-30 (S.D.N.Y. 2010) (court declined "to wade into a thicket of competing factual assertions at this preliminary stage" and noted that "to hold to the contrary would preclude certification of a collective action in any FLSA case where the defendant was asserting an . . . exemption defense").

Accordingly, the Court finds that Plaintiffs have made the "modest factual showing" necessary to support conditional certification.

To enable "similarly situated" potential plaintiffs to opt in to this action, the court has discretion to authorize notice to such individuals. In re Penthouse Exec. Club. Compensation, No. 10 Civ. 1145, 2010 WL 4340255, at *4 (S.D.N.Y. Oct. 27, 2010). The Court also has discretion regarding the form and content of the notice. Id., at *5. Plaintiffs have submitted a proposed notice (Exh. F to Bien Class Cert. Aff.), to which Defendants have raised numerous objections. The parties are directed to confer regarding the content of the notice, and

are to submit a joint proposal to the Court for approval within fourteen days of the entry of this Memorandum Order. If the parties are unable to agree on particular provisions, the disagreements and the reasons for each party's preference shall be specified. See In re Penthouse, 2010 WL 4340255, at *5.

The Court will authorize delivery of the notice by first class mail, in addition to work and personal email. See Pippins, 2012 WL 19379, at *14 ("[G]iven the reality of communications today . . . the provision of email addresses and email notice in addition to notice by first class mail is entirely appropriate"). The Court declines to toll the statute of limitations and, accordingly, notice will be limited to individuals who were Financial Advisors within three years from the date the Court issues an order approving the proposed notice. See In re Penthouse, 2010 WL 4340255, at *5 n.4 ("[I]t is appropriate at this stage for the plaintiffs to provide notice to all dancers who worked at the Penthouse Executive Club within three years of the sending of the notice to conform as closely to 29 U.S.C. § 256 as possible"); see also Gordon v. Kaleida Health, No. 08-CV-3785, 2009 WL 3334784, at *12-13 (S.D.N.Y. Oct. 14, 2009) ("In this Circuit, 'equitable tolling is only appropriate in [] rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights'") (quoting Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003)).

Motion to Compel Arbitation and Dismiss Or, Alternatively, Stay Claims by Opt-in Plaintiffs Robert M. Johnson, Jennifer Zaat-Hetelle, Scott Vanhoogstraat, Peter Piccoli and Graeme H. Patey

Defendants move to compel certain opt-in Plaintiffs to arbitrate their claims and dismiss or stay the claims they assert in this action. As explained above, these Plaintiffs agreed to arbitrate Covered Claims (including FLSA overtime claims) in accordance with the terms and

conditions of a Binding Arbitration Agreement ("BAA"). Plaintiffs do not dispute that the BAA encompasses their claims. Rather, Plaintiffs argue that the BAA is not enforceable because 1) the right to proceed collectively under the FLSA cannot be waived; and 2) Plaintiffs will not be able to vindicate their statutory rights in individual arbitration. Neither of Plaintiffs' arguments has merit.

"It is well settled that federal statutory claims can be the subject of arbitration, absent a contrary Congressional intent . . . The burden of showing such legislative intent lies with the party opposing arbitration." Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72, 75-76 (2d Cir. 1998). The Second Circuit has squarely held that an employee's right to proceed collectively under the FLSA may be waived pursuant to an arbitration agreement. See Sutherland v. Ernst & Young LLP, No. 12-304-cv, 2013 WL 4033844, at *4-5 (2d Cir., Aug. 9, 2013) ("Supreme Court precedents inexorably lead to the conclusion that the waiver of collective action claims is permissible in the FLSA context"). Accordingly, the Court finds that a waiver of the right to proceed collectively under the FLSA is not per se unenforceable.[7]

Plaintiffs next argue that, even if the class waiver at issue in the BAA is not per se unenforceable, it still cannot be enforced because it would preclude Plaintiffs from vindicating their statutory rights. Plaintiffs' argument is premised on a decision by the Second Circuit, finding that class action waivers should be evaluated on a case-by-case basis, considering "the

---

[7] To the extent that Plaintiffs rely on In re D.R. Horton, Inc., 357 NLRB No. 184, 2012 WL 36274 (Jan. 3, 2012), for the proposition that a waiver of the right to proceed collectively under the FLSA is unenforceable as a violation of the NLRA, this Court declines to follow that decision. In addition to the possibility that D.R. Horton was decided without a proper quorum, see, e.g., NLRB v. New Vista Nursing & Rehabilitation, 2013 WL 2099742 (3d Cir. May 16, 2013); Canning v. NLRB, 705 F.3d 490 (D.C. Cir. 2013), this Court owes no deference to decisions by the NLRB, insofar as they interpret or attempt to reconcile the FAA with the NLRA. See Hoffman Plastic Compounds, Inc. v. NLRB, 535 U.S. 137, 144 (2002).

fairness of the provisions, the cost to an individual plaintiff of vindicating the claim when compared to the plaintiff's potential recovery, [and] the ability to recover attorneys' fees and other costs and thus obtain legal representation to prosecute the underlying claims." In re Am. Express Merch. Litig., 554 F.3d 300, 321 (2d Cir. 2009) (internal quotations omitted).  The Supreme Court reversed that decision in Am. Express Co., v. Italian Colors Restaurant, 133 S. Ct. 2304, 2310-12 (2013), holding that waivers of class arbitration should be enforced, notwithstanding any allegations that pursuing an individual claim in arbitration would be cost prohibitive.  Accordingly, the Court finds that the BAA is enforceable and Defendants' motion to compel arbitration as to Opt-in Plaintiffs Johnson, Zaat-Hetelle, Vanhoogstraat, Piccoli and Patey is granted.  Those Plaintiffs' claims are dismissed without prejudice to arbitration.

Motion to Compel Arbitration and Dismiss or, Alternatively, Stay Claims by Plaintiff Lawrence Kaufmann and Opt-In Plaintiffs Susan Hyman, Alan Krichman and Jeffrey Lammert

Defendants also move to compel named Plaintiff Kaufmann and Opt-in Plaintiffs Susan Hyman, Alan Krichman, and Jeffrey Lammert to arbitrate their claims and dismiss or stay the claims they assert in this action.  As explained above, each of these Plaintiffs executed an arbitration agreement (the "Agreement") with Defendants, agreeing to arbitrate his or her claims on an individual basis.

There are two sets of class or collective claims at issue in this case.  First, named Plaintiff Kaufmann brings a Rule 23 putative class claim under New York law.  Second, all four of these plaintiffs bring putative collective claims pursuant to the FLSA.  The Agreement provides in pertinent part that:

> Any claim or controversy concerning you arising out of or in connection with the business activities of JPMC, your activities and/or your appointment as a

> registered representative or your employment and/or the termination thereof *required to be arbitrated by the FINRA Rules* shall be resolved by individual (not class or collective) arbitration in accordance with the Code of Arbitration Procedure of the FINRA . . . .

(Heather Emmert Decl., Exhs. A-D; Agreements at 12 (attached as Exh. 1 to Linhorst Decl., ECF No. 70) (emphasis added).)  FINRA Rule 13204(a), which was in effect at the time the four plaintiffs entered into their Agreements with Chase, provides that an arbitration agreement may not be enforced against a member of a certified or putative class action with respect to any claim that is the subject of the certified or putative class action until one of four conditions occurs: 1) the class certification is denied; 2) the class is decertified; 3) the member of the certified or putative class is excluded from the class by the court; or 4) the member of the certified or putative class elects not to participate in the class or withdraws from the class.  FINRA Rule 13204(a).

FINRA Rule 13204(b), which became effective in July 2012, extends these principles to collective actions, providing that "[a] member . . . may not enforce an agreement to arbitrate in this forum against a member of a certified or putative collective action with respect to any claim that is the subject of the certified or putative collective action until the collective action certification is denied or the collective action is decertified."  FINRA Rule 13204(b)(4).[8]

---

[8] See FINRA Regulatory Notice 12-29, available at http://www.finra.org/web/groups/industry/@ip/@reg/@notice/documents/notices/p126870.pdf.  Defendants' argument that the Court should ignore the 2012 amendment to Rule 13204 is unpersuasive – the Agreement incorporates the arbitration parameters defined by the FINRA Rules, without any specific temporal reference.  It is consistent with the language of the agreement, and with FINRA's own effective date statement, to apply the current provisions of the rules.  To read the Agreement to require arbitration of putative collective claims that FINRA clearly does not require to be arbitrated would render the arbitration provision of the Agreement self-contradictory.  The plain and logical import of the language of the Agreement is that arbitration is not required when FINRA does not require it.

The arbitration provision of Chase's Agreement with these four Plaintiffs clearly requires individual arbitration only to the extent such arbitration is "required . . . by the FINRA Rules." Because the FINRA Rules, as currently in effect, clearly do not require, and indeed preclude at this juncture, arbitration of the class and collective action claims raised in this litigation, Defendants' motion to compel arbitration of the claims of Plaintiffs Kaufman, Hyman, Krichman and Lammert must be denied.  Cf. Alakozai v. Chase Investment Services Corp., No. CV 11-09178, 2012 WL 748584, at *3 (C.D. Cal. Mar. 1, 2012) (denying motion to compel arbitration under same Agreement of putative Rule 23 class claim).

### CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional certification is granted. Defendants motion to compel arbitration as to opt-in plaintiffs Johnson, Zaat-Hetelle, Vanhoogstraat, Piccoli and Patey is granted, and the claims of those plaintiffs are dismissed without prejudice to arbitration.  Defendants' motion to compel arbitration as to named plaintiff Kaufmann and Opt-in plaintiffs Hyman, Krichman and Lammert is denied.  This Memorandum Order resolves docket entry nos. 62, 65 and 67.

The parties are directed to confer regarding the content of the notice to be disseminated to potential opt-in plaintiffs, and must submit a joint proposal to the Court for approval within 14 (fourteen) days of the entry of this Memorandum Order.

SO ORDERED.

Dated: New York, New York
       September 9, 2013

/S
LAURA TAYLOR SWAIN
United States District Judge