

February 9, 2015

**By CM/ECF**
The Honorable Henry Pitman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    *Lloyd v. J.P. Morgan Chase & Co.*, No. 11 Civ. 09305 (LTS)
                 *Ciullo v. JP Morgan Chase & Co.*, No. 12 Civ. 02197 (LTS)

Dear Judge Pitman,

      We represent the Plaintiffs in the above-referenced actions. We write in response to Defendants' February 2, 2015 letter in which they seek to compel 100 collective members to respond to discovery requests, most of which seek information that Defendants already possess. Defendants' request far exceeds what courts permit in representative actions like this and is inconsistent with the intended efficiencies of the collective action mechanism.

      The scope of Defendants' request should be considered in light of their position that 949 out of the 1049 collective members must arbitrate their claims on an individual basis[1] – leaving a total of 100 individuals in the collective. If Defendants have decided not to move to compel the 949 to arbitration (or if the Court denies such a motion), then Defendants' request would still be burdensome and excessive, but certainly more reasonable than requiring every single member of the collective to respond to discovery.

      Assuming for this response that there are 100 collective members who did not sign an arbitration agreement,[2] Plaintiffs' proposal that 25% of this group respond to written discovery and 10% of this group submit to depositions is fully consistent with what courts allow in wage and hour actions. *See supra* Part B. This discovery is on top of the written discovery that Plaintiffs already provided for two Plaintiffs and two opt-ins, as well as the three, 7-hour depositions that Defendants previously took.

---

[1]    Plaintiffs requested that Defendants provide them with information to substantiate this claim, but Defendants have not done so to date.

[2]    The District Court held that one of the two versions of Defendants' arbitration agreement – the one adopting FINRA rules – did not require arbitration of the claims. *See* ECF No. 116 at 14. Defendants' appeal of that decision is pending in the Second Circuit.

3 Park Avenue, 29th Floor, New York, NY 10016   Tel 212-245-1000   Fax 646-509-2060
203 North LaSalle Street, Suite 2100, Chicago, IL 60601   Tel 312-924-4888   Fax 646-509-2075
One Embarcadero Center, 38th Floor, San Francisco, CA 94111   Tel 415-638-8800   Fax 415-638-8810

og@outtengolden.com   www.outtengolden.com

### A.     Individualized Discovery Is Inconsistent with Collective Actions.

The more reasoned line of judicial authority regarding discovery of opt-ins does not permit defendants to obtain discovery from every collective member because doing so would "defeat the very purpose contemplated by Congress in authorizing . . . collective actions." *Higueros v. N.Y. State Catholic Health Plan, Inc.*, No. 07 Civ. 418, 2009 WL 3463765, at *2 (E.D.N.Y. Oct. 21, 2009). Allowing individualized discovery from every opt-in only serves to "obfuscate the issues and drastically enhance the costs of litigation." *McGrath v. City of Phila.*, No. 92 Civ. 4570, 1994 WL 45162, at *3 (E.D. Pa. Feb. 10, 1994); *see Prentice v. Fund for Pub. Interest Research, Inc*., No. 06 Civ. 7776, 2007 WL 2729187, at *5 (N.D. Cal. Sept. 18, 2007) (individualized discovery is rarely appropriate in FLSA collective actions); *Johnson v. TGF Precision Haircutters, Inc*., 319 F. Supp. 2d 753, 755 (S.D. Tex. 2004) (once a collective action is conditionally certified, "[t]he case then proceeds through discovery as a representative action").

### B.     The Court Should Exercise Its Discretion to Limit Opt-In Discovery.

Under Rule 26(c), courts have broad discretion to deny, limit, or qualify discovery. Fed. R. Civ. P. 26(c). Courts routinely limit discovery in collective actions to a representative sample of opt-ins. *See, e.g.*, *Wellens v. Daiichi Sankyo, Inc.*, No. 13 Civ. 581, 2014 WL 7385990, at *4 (N.D. Cal. Dec. 29, 2014) (interrogatories on 17% of opt-ins); *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 188, 192-93 (S.D.N.Y. June 6, 2014) (depositions and discovery of 10% of opt-ins and written discovery from an additional 15); *Scott v. Bimbo Bakeries*, No. 10 Civ. 3154, 2012 WL 6151734, at *6 (E.D. Pa. Dec. 11, 2012) (written discovery from 10% of opt-ins and depositions of 15 opt-ins); *Russell v. Ill. Bell Tel. Co.*, No. 08 Civ. 1871, 2009 WL 1209025, at *1, 4 (N.D. Ill. Apr. 30, 2009) (depositions of 39 of 522 opt-ins); *Cranney v. Carriage Servs., Inc*., No. 07 Civ. 1587, 2008 WL 2457912, at *2-3 (D. Nev. June 16, 2008) (10% of opt-ins).

The cases Defendants cite are distinguishable. Among other reasons, they involved smaller collectives,[3] *see, e.g., Forauer v. Vt. Country Store, Inc.*, No. 12 Civ. 276, 2014 WL 2612044, at *4-5 (D. Vt. June 11, 2014) (total of 24 opt-ins); *Zanes v. Flagship Resort Dev., LLC*, No. 09 Civ. 3736, 2012 WL 589556, at *2 (D.N.J. Feb. 22, 2012) (24 opt-ins); *Scovil v. FedEx Ground Package Sys., Inc.*, No. 10 Civ. 515, 2011 WL 5526033, at *2 (D. Me. Nov. 14, 2011) (anticipated 30-40 opt-ins); or were ADEA cases involving very different evidentiary issues.[4] *See Rosen v. Reckitt & Coleman, Inc.*, No. 91 Civ. 1675, 1994 WL 652534, at *3-4

---

[3]     *McFadden v. Corr. Corp. of Am.*, No. 09 Civ. 2273, 2012 WL 555069, at *2-3, 7 (D. Kan. Feb. 21, 2012), does not support Defendants because the plaintiffs *agreed* that the opt-ins would submit to discovery – the court did not order them to. *See* ECF No. 110, at ¶ 2 (attached as Exhibit C).

[4]     In *Krueger v. N.Y. Tel. Co.*, 163 F.R.D. 446 (S.D.N.Y. 1995), an ADEA case, the court permitted depositions of 20% of the opt-ins. *Id*. at 449. The only individualized discovery the court permitted related to damages. *Id*. at 451-52. However, in FLSA cases, courts typically bifurcate the class certification and liability stages from the damages stage, and routinely determine the amount of damages owed from representative evidence. *See Reich v. S. N. Eng. Telecomm's. Corp*., 121 F.3d 58, 67-68 (2d Cir. 1997).

(S.D.N.Y. Nov. 17, 1994) (allowing depositions of 50 class members because their anecdotal evidence of discrimination could not obtained from a sampling).

Here, Defendants do not need discovery from every collective member to support their decertification motion, to oppose class certification, or to prove their exemption defense. *Chipotle Mexican Grill*, 300 F.R.D. at 192 (in misclassification case, rejecting argument that "limited or representational discovery will harm [the defendant's] ability to present a full defense"); *cf. Reich*, 121 F.3d at 68 (upholding liability based on testimony of 2.5% of the class).

### C.     The Scope of Defendants' Requests Are Burdensome and Unnecessary.

The number and extent of Defendants' requests are also unnecessary because they possess much of the information they seek, including information about the duties opt-ins performed. *See* Exs. A, B. Defendants already have access to each opt-in's personnel file, work emails, pay data, and other corporate records. *Chipotle Mexican Grill*, 300 F.R.D. at 193 (discovery was "unduly burdensome" where the defendant "itself is in possession, or should be in possession, of much of the information or documentation it seeks"). Responding to 15 discovery requests and 15 interrogatories for 100 opt-ins would also be extremely burdensome. Plaintiffs' counsel would have to spend hundreds of hours tracking down documents and drafting responses, rather than focusing their time on litigating the merits and certification issues. *See Bimbo Bakeries*, 2012 WL 6151734, at *6 ("representative sampling . . . appropriately balances the needs of Defendants and also takes into account the burden to Plaintiffs and their counsel"). The Court should limit Defendants to no more than 10 requests for a sampling of opt-ins and preclude Defendants from seeking information that they already have. *See Chipotle Mexican Grill*, 300 F.R.D. at 190, 192-93 (three interrogatories and document requests).

The Court should also limit the length of opt-in depositions to three hours, which courts do routinely. *See Zivali v. AT&T Mobility, LLC*, No. 08 Civ. 10310, ECF No. 142 (S.D.N.Y. Apr. 6, 2010) (2 hours) (Ex. D); *Morangelli v. Chemed Corp.*, No. 10 Civ. 876, 2011 WL 7475, at *2 (E.D.N.Y. Jan. 1, 2011) (2 hours); *see also Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1244 (11th Cir. 2008) (3 hours).

### D.     Defendants Should Not Be Allowed to Cherry Pick Opt-Ins.

Both parties should have a role in selecting opt-ins who submit to discovery or a portion should be selected at random. *See, e.g., Mullins v. City of N.Y.*, 523 F. Supp. 2d 339, 355 (S.D.N.Y. 2007) (parties randomly selected deponents), *rev'd on other grounds*, 653 F. 3d 104 (2d Cir. 2011); *Chipotle Mexican Grill*, 300 F.R.D. at 190, 192-93 (defendants chose half, plaintiffs chose a quarter, and the remainder were selected at random).

Respectfully submitted,

*Rachel Bien*

Rachel Bien

3

Enclosures

cc: Thomas A. Linthorst, Esq. (via CM/ECF)
    Samuel S. Shaulson, Esq. (via CM/ECF)
    John Halebian, Esq. (via email)
    Deirdre A. Aaron, Esq. (via email)