```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JEFFREY LLOYD, on behalf of        :
himself and those similarly
situated, et al.,                  :   11 Civ. 9305 (LTS)(HBP)

              Plaintiffs,          :

     -against-                     :

J.P. MORGAN CHASE & CO., et al.,   :

              Defendants.          :

-----------------------------------X

KENNETH CIULLO, individually and   :
on behalf of all others similarly
situated, et al.,                  :   12 Civ. 2197 (LTS)(HBP)

              Plaintiffs,          :   ORDER

     -against-                     :

JP MORGAN CHASE & CO., et al.,     :

              Defendants.          :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. <u>Introduction</u>

   I write to resolve the parties' dispute concerning the scope of discovery that defendants may seek from the opt-in plaintiffs who are not subject to any arbitration agreement.[1]

   For the reasons set forth below, defendants may serve written discovery on 100 opt-in plaintiffs not subject to any arbitration agreement and may depose 20 of those opt-in plaintiffs. Deponents are to be chosen by one of the two methods described below. I reserve decision with respect to the number of interrogatories and document requests that may be served upon the opt-ins pending further submissions by the parties.

II. <u>Facts</u>[2]

   These cases are, in principal part, collective actions brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 <u>et</u> <u>seq</u>. Plaintiffs in these putative collective and class

---

[1] The discovery dispute resolved by this Order was raised in a series of letters and was the subject of a February 25, 2015 recorded telephone conference.

[2] Except where indicated, the facts set forth in the text are drawn from the September 9, 2013 Memorandum Order of the Honorable Laura Taylor Swain, United States District Judge, granting plaintiffs' motion for conditional certification and granting in part and denying in part defendants' motion to compel arbitration. <u>Lloyd v. J.P. Morgan Chase & Co.</u>, 11 Civ. 9305 (LTS), 12 Civ. 2197 (LTS), 2013 WL 4828588 (S.D.N.Y. Sept. 9, 2013).

actions are Financial Advisors and Financial Advisor Associates (collectively, "FAs") who presently or formerly worked selling defendants' investment products.  Defendants classified plaintiffs as "exempt" employees under the FLSA and did not pay them overtime compensation at the rate of one and one-half times their regular rate for any hours worked in excess of 40 hours per week.  Plaintiffs challenge this classification, asserting claims on behalf of a nationwide collective under the FLSA and on behalf of New York and New Jersey classes under New York and New Jersey state law, respectively.

In her September 9, 2013 Memorandum Order, Judge Swain conditionally certified the collective pursuant to 28 U.S.C. § 216(b).  Lloyd v. J.P. Morgan Chase & Co., supra, 2013 WL 4828588 at *8.

Approximately 1,049 individuals have filed consents to join this action (Letter of Thomas A. Linthorst, Esq. to the undersigned, dated February 2, 2015, (Docket Item 249 in 11 Civ. 9305) ("Defs.' Feb. 2 Letter") at 1).  While defendants required that some of their FAs sign one of two different forms of arbitration agreements, there are approximately 100 FAs who did not sign any form of arbitration agreement (Defs.' Feb. 2 Letter, at 1; Letter of Rachel Bien to the undersigned, dated February 9, 2015, (Docket Item 250 in 11 Civ. 9305) ("Pls.' Letter") at 1).

3

Defendants originally served 19 interrogatories and 27 document requests on all of the opt-ins, reserving the right to depose each of them (Defs.' Feb. 2 Letter, at 1; see also Defendants' First Request for Production of Documents to Opt-In David Bernard Adams, dated September 24, 2014, annexed as Exhibit A to Pls.' Letter; Defendants' First Set of Interrogatories to Opt-In David Bernard Adams, dated September 24, 2014, annexed as Exhibit B to Pls.' Letter). Plaintiffs objected (Defs.' Feb. 2 Letter, at 1). Defendants now seek to serve 15 document requests and 15 interrogatories, on all 100 opt-ins who are not subject to an arbitration agreement and to depose 20 opt-ins of their choice, "without prejudice to their right to seek additional depositions if there is reason to do so." (Defs.' Feb. 2 Letter, at 1).

Defendants contend that individualized discovery is particularly appropriate where, as here, defendants plan to seek decertification of the collective (Letter of Thomas A. Linthorst to the undersigned, dated February 11, 2015, (Docket Item 251 in 11 Civ. 9305) (Defs.' Feb. 11 Letter) at 1). Plaintiffs argue that the discovery defendants' seek is burdensome and excessive and that discovery should be limited to a representative sample of plaintiffs, consisting of written discovery from 25% of the opt-ins who did not sign an arbitration agreement and depositions of 10% of the opt-ins who did not sign an arbitration agreement

4

(Pls.' Letter at 1).³  Plaintiffs also request that (1) "[b]oth parties . . . have a role in selecting opt-ins who submit to discovery or [that] a portion . . . be selected at random," (2) defendants be limited to 10 written discovery requests, (3) defendants be precluded from seeking information that they already have and (4) depositions be limited to three hours (Pls.' Letter, at 3).

III.  Discussion

"Generally, there are 'two lines of cases regarding individualized discovery in opt-in class actions':  one allowing all opt-in plaintiffs to be subject to discovery and one allowing only a sample of opt-in plaintiffs to be subject to discovery." Forauer v. Vt. Country Store, Inc., No. 5:12-cv-276, 2014 WL 2612044 at *2 (D. Vt. June 11, 2014), quoting Coldiron v. Pizza Hut, Inc., No. CV03-05865 (TJH)(MCX), 2004 WL 2601180 at *2 (C.D. Cal. Oct. 25, 2004).

Courts that have allowed individualized discovery "treat 'opt-in plaintiffs in a[n FLSA] collective action as ordinary party plaintiffs subject to the full range of discovery

---

³Plaintiffs note that this is in addition to the written discovery already provided by two plaintiffs and two opt-ins and three seven-hour depositions already taken by defendants (Pls.' Letter, at 1).

5

permitted by the Federal Rules of Civil Procedure.'"  Forauer v. Vt. Country Store, Inc., supra, 2014 WL 2612044 at *3, quoting Khadera v. ABM Indus. Inc., No. C08-417 (RSM), 2011 WL 3651031 at *2 (W.D. Wash. Aug. 18, 2011).  Many of these courts have permitted individualized discovery in light of the two-step process used to determine whether the FLSA action should proceed as a collective action.  See Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) (The first step involves conditional certification and sending notice to potential opt-ins who may be "similarly situated," and the second step involves determining on a fuller record whether the opt-ins are, in fact, "similarly situated" or whether the action should be decertified.).  After conditional certification, where a defendant has indicated it will seek decertification, some courts have allowed individualized discovery to determine whether the opt-ins are "similarly situated."  See Strauch v. Computer Scis. Corp., No. 3:14 CV 956 (JBA), 2015 WL 540911 at *3 (D. Conn. Feb. 10, 2015); Forauer v. Vt. Country Store, Inc., supra, 2014 WL 2612044 at *3 (collecting cases); see also Daniel v. Quail Int'l, Inc., No. 3:07-CV-53 (CDL), 2010 WL 55941 at *1 (M.D. Ga. Jan. 5, 2010) ("[I]n an FLSA collective action where the plaintiff class is small and the discovery is related to . . . whether the individual plaintiffs are similarly situated . . . individualized discovery is often permitted.").

Courts that have declined to allow individualized discovery in FLSA actions "have concluded that 'collective actions under the FLSA should be governed by the same standards as govern discovery in [Fed.R.Civ.P. 23] class actions and should be limited to only class wide and class based discovery' because '[t]o permit individualized discovery . . . would undermine the purpose and utility of both class and collective actions.'" Forauer v. Vt. Country Store, Inc., supra, 2014 WL 2612044 at *2, quoting Smith v. Lowe's Home Ctrs., Inc., 236 F.R.D. 354, 357 (S.D. Ohio 2006); see also Scott v. Chipotle Mexican Grill, Inc., supra, 300 F.R.D. at 192.  Accordingly, these courts, "'particularly when the opt-in plaintiffs are numerous[,]' . . . [have] permit[ted] discovery only from 'a statistically significant representative sampling' of plaintiffs."  Strauch v. Computer Scis. Corp., supra, 2015 WL 540911 at *1 (collecting cases), quoting Forauer v. Vt. Country Store, Inc., supra, 2014 WL 2612044 at *3.

"Although there is far from a 'bright line' test as to the number of opt-in plaintiffs which tips the balance in favor of representative sampling as opposed to individualized discovery, it appears that when the number of opt-in plaintiffs is approaching 200, courts are more inclined to order a representative sampling."  Strauch v. Computer Scis. Corp., supra, 2015 WL

540911 at *2 (permitting written discovery of 40% of 80 opt-ins that could potentially grow to 3,000).  Compare Forauer v. Vt. Country Store, Inc., supra, 2014 WL 2612044 at *4 (granting motion to compel depositions of all 24 opt-ins), White v. 14051 Manchester, Inc., No. 4:12-CV-469 (JAR), 2013 WL 1867113 at *1-*2 (E.D. Mo. May 2, 2013) (approving individualized written discovery of all 50 opt-ins), Abubakar v. City of Solano, No. CIV S-06-2268 (LKK)(EFB), 2008 WL 508911 at *1-*2 (E.D. Cal. Feb. 22, 2008) (permitting individualized written discovery of all 160 opt-ins and tentatively refusing to limit the number of depositions), Renfro v. Spartan Computer Servs., Inc., No. 06-2284-KHV-DJW, 2008 WL 474253 at *1-*2 (D. Kan. Feb. 19, 2008) (allowing individualized written discovery of approximately 100 opt-ins and depositions of 27), objections overruled, 2008 WL 821950 (D. Kan. Mar. 26, 2008), Ingersoll v. Royal & Sunalliance USA, Inc., No. 05-CV-1774 (MAT), 2006 WL 2091097 at *2 (W.D. Wash. July 25, 2006) (permitting individualized discovery of all 34 opt-ins), Coldiron v. Pizza Hut, Inc., supra, 2004 WL 2601180 at *2 (granting individualized written discovery of 306 opt-ins) and Krueger v. N.Y. Tel. Co., 163 F.R.D. 446, 451 (S.D.N.Y. 1995) (Koeltl, D.J.) (in an ADEA collective action, allowing service of interrogatories on all 162 opt-ins), with Wellens v. Daiichi Sankyo Inc., No. C-13-581 (WHO)(DMR), 2014 WL 7385990 at *2-*3 (N.D.

Cal. Dec. 29, 2014) (permitting written discovery of 37 out of 213 opt-ins who had not submitted declarations in support of plaintiffs' motion for conditional class certification and permitting depositions of 25 opt-ins[4]), Scott v. Chipotle Mexican Grill, Inc., supra, 300 F.R.D. at 192 (allowing written discovery and depositions of 10% of 582 opt-ins and written discovery of an additional 15% of opt-ins), O'Toole v. Sears Roebuck & Co., No. 11 C 4611, 2014 WL 1388660 at *3 (N.D. Ill. Apr. 10, 2014) (approving written discovery of 33% and depositions of 10% of 700 opt-ins), Goodman v. Burlington Coat Factory Warehouse Corp., 292 F.R.D. 230, 233-34 (D.N.J. 2013) (permitting 35 depositions and written discovery of approximately 10% of 572 plaintiffs), Scott v. Bimbo Bakeries USA, Inc., Civil Action No. 10-3154, 2012 WL 6151734 at *5-*6 (E.D. Pa. Dec. 11, 2012) (permitting depositions of 5 party plaintiffs and 15 opt-ins and service of interrogatories on 10% of at least 650 opt-ins with 60 days to respond), Morangelli v. Chemed Corp., No. 10 Civ. 876 (BMC), 2011 WL 7475 at *1 (E.D.N.Y. Jan. 1, 2011) (authorizing depositions of about 10% of approximately 400 opt-in plaintiffs), and Higueros v. N.Y. State Catholic Health Plan, Inc., No. CV 07-418 (ADS)(ETB), 2009

---

[4]The parties stipulated that defendants could take depositions of 6 original plaintiffs and 25 opt-ins. Wellens v. Daiichi Sankyo Inc., supra, 2014 WL 7385990 at *1.

9

WL 3463765 at *2 (E.D.N.Y. Oct. 21, 2009) (permitting depositions of 30% of 38 opt-ins; all opt-ins had responded to written discovery).

In determining how much discovery should be permitted, courts must balance the need for information, the information's importance in resolving the issues and the relief requested with the burden of discovery.  Fed.R.Civ.P. 26(b)(2)(C).  Defendants have expressed their intention to move to decertify the collective and seek to ascertain, among other things, whether the plaintiffs are similarly situated and other information relevant to the issue of whether the action should proceed as a collective or class action.  To that end, defendants' seek information and documents regarding (1) plaintiffs' qualifications, skills and employment and educational history; (2) plaintiffs' duties, responsibilities, compensation and work hours while employed by defendants; (3) plaintiffs' other sources of income and attempts to seek employment during or after employment by defendants; (4) plaintiffs' involvement in other litigation; (5) plaintiffs' calculation of damages and (6) communications regarding the issues presented in this case (see Pls.' Letter, Exs. A & B).  Plaintiffs seek damages in excess of $5 million (Defs.' Feb. 11 Letter, at 2; First Amended Class Action Complaint, dated April 19, 2012, (Docket Item 31 in 11 Civ. 9305) ¶ 14).  Through their

document requests, defendants appear to seek information addressing not only whether plaintiffs are similarly situated but also the calculation of damages, which by plaintiffs' own estimation are in the millions of dollars, and the identification of relevant documents and witnesses.

Although the discovery sought will result in some burden (as does all discovery), I conclude that the burden is not so great as to warrant limiting defendants to the amount of discovery proposed by plaintiffs. The plaintiffs seek substantial damages and the discovery sought is clearly relevant. The discovery defendants seek does not remotely suggest that defendants are attempting to mount a "scorched earth" defense; defendants seek to depose only 20% of the plaintiffs and seek only limited written and document discovery. Finally, any burden here is mitigated by the FLSA's fee-shifting provisions, see Easterly v. Tri-Star Transp. Corp., 11 Civ. 6365 (VB), 2015 WL 337565 at *4 (S.D.N.Y. Jan. 23, 2015) (Briccetti, D.J.), which permit recovery of reasonable attorneys' fees, even if those fees are disproportionate to any amounts actually recovered by plaintiffs. Millea v. Metro-North R.R. Co., 658 F.3d 154, 169 (2d Cir. 2011); accord Torres v. Gristede's Operating Corp., 519 F. App'x 1, 6 (2d Cir. 2013) (summary order). Thus, unless defendants prevail,

defendants will ultimately bear the cost of any burden they create.

For all the foregoing reasons, I conclude that plaintiffs have not shown that individualized discovery would be so inefficient or overly burdensome as to justify representative sampling. Forauer v. Vt. Country Store, Inc., supra, 2014 WL 2612044 at *7 ("a party seeking to avoid or limit discovery based on burdensomeness . . . has the duty to come forward with evidence or affidavits to show the nature and extent of the burden" (internal quotation marks and citation omitted)). Thus, defendants are permitted to seek written discovery from the 100 opt-ins who have not signed an arbitration agreement and may depose 20 of those opt-ins.

The parties also disagree with respect to the method to be used to select the opt-ins who will be deposed. Defendants argue that they should make the selection, while the plaintiffs argue that "[b]oth parties should have a role in selecting opt-ins who submit to discovery or a portion should be selected at random" (Defs.' Feb. 11 Letter, at 2; Pls.' Letter, at 3). Other cases have used different methods to determine which opt-ins will be deposed or be subject to discovery. See, e.g., Scott v. Chipotle Mexican Grill, Inc., supra, 300 F.R.D. at 192 (parties agreed that 50% of deponents would be selected by defendants, 25%

12

would be selected by plaintiffs and 25% would be selected randomly); O'Toole v. Sears Roebuck & Co., supra, 2014 WL 1388660 at *3 (permitting defendants to choose the opt-ins who will respond to written discovery); Goodman v. Burlington Coat Factory Warehouse Corp., supra, 292 F.R.D. at 233 (permitting defendants to choose deponents); Craig v. Rite Aid Corp., Civil Action No. 4:08-CV-2317, 2011 WL 9686065 at *5 (M.D. Pa. Feb. 7, 2011) (requiring opt-ins to be randomly selected).

      Although a party usually is entitled to virtually unfettered discretion in selecting which adverse parties will be deposed, a modification of that practice is appropriate here to ensure that the number of plaintiffs who will be deposed is limited to twenty. If defendants are permitted to select unilaterally the individuals who will be deposed, I am concerned that plaintiffs will select other individuals to serve as affiants in connection with future motion practice, and defendants will then seek to depose those individuals -- an outcome which may circumvent the limit of twenty depositions. I conclude that the better practice is to give defendants a choice. If defendants wish to select unilaterally the opt-ins to be deposed, they may do so. However, if defendants elect this option, they will not be permitted any additional depositions of plaintiffs, even if plaintiffs offer affidavits from other opt-ins, in connection

with any class-wide issues, such as class certification, de-certification of the collective or summary judgment.  Alternatively, defendants can elect to choose only ten witnesses and permit plaintiffs to choose the remaining ten.  If defendants elect this option, plaintiffs will be permitted to submit affidavits in connection with any class-wide issues only from those individuals who have been deposed.  This method will ensure adherence to the limit of twenty depositions and will expedite the resolution of future motions by eliminating the need to conduct depositions after the motion is served.  Defendants must make this election before they commence depositions.

   Next, plaintiffs argue that the 15 interrogatories and 15 document requests proposed by defendants are unduly burdensome and that defendants should be limited to a combined total of 10 written discovery requests (Pls.' Letter, at 3).  While plaintiffs have submitted copies of defendants' 46 original discovery requests, neither party has submitted copies of the 15 interrogatories and 15 document requests that defendants currently seek to serve nor have the parties addressed the reasonableness of the requests themselves.  Plaintiffs merely argue, without further explanation, that the requests are burdensome and much of the information sought is already available to defendants (Pls.' Letter, at 3).  While plaintiffs' cite to <u>Scott v. Chipotle</u>

14

Mexican Grill, Inc., supra, 300 F.R.D. at 190, that case does not purport to state a rule of general application. Similarly, defendants do not explain why their 30 proposed discovery requests are appropriate. Defendants merely claim that they "have compromised substantially [by] agree[ing] to limit their requests to 15 document requests and 15 interrogatories[] and [by giving] each plaintiff 60 days to respond" and that the information sought is "highly relevant" and not already in their possession (Defs.' Feb. 2 Letter, at 1; Defs.' Feb. 11 Letter, at 2).

Without reviewing the 30 proposed discovery requests and further explanation of the parties' respective positions, I am unable to determine whether defendants' specific discovery requests are appropriate or unduly burdensome. Thus, I reserve decision as to the number of interrogatories and document requests that may be served and direct the parties to make further submissions addressing these issues.

Plaintiffs' also seek to "preclude Defendants from seeking information they already have" (Pls.' Letter, at 3). Plaintiffs do not, however, identify the information that defendants are seeking that they allegedly already possess, merely claiming that defendants "already have access to each opt-in's personnel file, work emails, pay data, and other corporate records" (Pls.' Letter, at 3). Moreover, some of the material

15

sought by defendants is clearly not in their possession.  For example, plaintiffs' descriptions of their duties in resumes and job applications prepared during or after plaintiffs' employment with defendants would not be part of defendants' records and are plainly relevant to the claims and defenses.  Without specifics, this aspect of the parties' dispute cannot be resolved.

Finally, plaintiffs argue that each opt-in deposition should be limited to 3 hours (Pls.' Letter, at 3).  Defendants argue that they are entitled to 7 hours at least, that the allotted three hours may be insufficient to address all issues and that the limitation might serve as an incentive for witnesses to be evasive, non-responsive or engage in other tactics to run out the clock (Defs.' Feb. 2 Letter, at 3).  Plaintiffs have not offered any compelling reasons to depart from the presumptive rule that a deposition may last 7 hours, Fed.R.Civ.P. 30(d)(1), and I decline to limit the duration of the depositions at this time.  Should a dispute as to duration or other issues arise during a deposition that cannot be resolved amicably, the parties may call my chambers for a ruling.

IV.  Conclusion

Accordingly, defendants may seek written discovery from all 100 opt-ins who have not signed arbitration agreements and

may depose 20 of those opt-ins. Defendants shall elect one of the following two options to select the 20 opt-in deponents: (1) defendants may select all 20 deponents, but will be precluded from any further depositions on class-wide issues, regardless of the affidavits plaintiffs may submit in the future, or (2) defendants may select 10 opt-in deponents and plaintiffs may select 10 opt-in deponents, but prospectively plaintiffs will be limited to submitting affidavits on class-wide issues from the plaintiffs who have been deposed. Plaintiffs' application to limit the duration of the depositions is denied without prejudice to renewal should the questioning at a deposition become irrelevant or repetitive. As explained above, the parties' remaining disputes require further submissions before they can be resolved.

Dated:   New York, New York
         March 20, 2015

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Rachel M. Bien, Esq.
Adam T. Klein, Esq.
Deirdre A. Aaron, Esq.
Elizabeth H. Wagoner, Esq.
Justin M. Swartz, Esq.
Michael N. Litrownik, Esq.
Ossai Miazad, Esq.
Outten & Golden, LLP
29th Floor
3 Park Avenue
New York, New York   10016

John Halebian, Esq.
Adam C. Mayes, Esq.
Lovell Stewart Halebian
   Jacobson LLP
Suite 2440
420 Lexington Avenue
New York, New York   10006

Edward P. D'Alessio, Esq.
Winne, Banta, Hetherington,
   Basralian & Kahn, P.C.
Suite 101
Court Plaza South - East Wing
21 Main Street
P.O. Box 647
Hackensack, New Jersey   07601

Kenneth K. Lehn, Esq.
Greenberg Margolis, P.C.
Three A.D.P. Boulevard
Roseland, New Jersey   07068

Thomas A. Linthorst, Esq.
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, New Jersey   08540

Samuel Shaulson, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York   10178

Blair J. Robinson, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania   19103