**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY LLOYD and LAWRENCE KAUFMANN, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br> v.<br><br>J.P. MORGAN CHASE & CO. and CHASE INVESTMENT SERVICES CORP.,<br><br>    Defendants. | No. 11 Civ. 09305 (LTS) |
| KENNETH CIULLO, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br> v.<br><br>J.P. MORGAN CHASE & CO. and CHASE INVESTMENT SERVICES CORP.,<br><br>    Defendants. | No. 12 Civ. 2197 (LTS) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
<u>RECONSIDERATION OF MARCH 20, 2015 ORDER</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

PROCEDURAL HISTORY ......................................................................................................... 2

ARGUMENT ................................................................................................................................ 3

CONCLUSION ............................................................................................................................. 4

**PRELIMINARY STATEMENT**

In its March 20, 2015 order ("Order"), the Court gave Defendants the ability to preclude Plaintiffs from obtaining class certification or merits declarations from 80 opt-in plaintiffs by selecting the Court's second choice, under which the parties can each select 10 opt-ins to be deposed. *See* ECF No. 255 (Order) at 13-14. Although the Court's approach to selecting opt-ins for depositions is a reasonable means of limiting the number of depositions, it will prejudice Plaintiffs in a way that the Court did not address in the Order and, Plaintiffs respectfully submit, the Court may have overlooked. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (reconsideration is warranted where, *inter alia*, "court overlooked" data "that might reasonably be expected to alter the conclusion reached by the court").

In particular, the Order seemingly precludes Plaintiffs not just from submitting declarations from the 80 opt-ins who are not deposed ("Non-Deponents") *affirmatively*, but also from submitting declarations from them *defensively* in response to documentary or testimonial evidence that Defendants submit that specifically addresses the merits of the Non-Deponents' claims or the Non-Deponents' similarity to Plaintiffs and other opt-ins. In other words, these 80 Non-Deponents will be prevented from responding to Defendants' arguments *about them* in the way that is most effective – through their own testimony.

In light of this circumstance, Plaintiffs respectfully propose a narrow modification to the Court's Order. Specifically, in the event that Defendants choose the second option, Plaintiffs request that the Non-Deponents be permitted to *respond* to any documents or testimonial evidence submitted by Defendants *pertaining to them* through declaration testimony. This limited modification will ensure that there is an even playing field so that no party has an unfair advantage in upcoming motion practice and that the Non-Deponents' rights are adequately

protected.[1]

## **PROCEDURAL HISTORY**

On September 24, 2014, Defendants served document requests and interrogatories on all 100 opt-ins who did not sign an arbitration agreement.  See ECF No. 255 (Order) at 4.  Plaintiffs objected, and Defendants' raised the parties' dispute with the Court.  See id.

The Court held a telephone conference with the parties regarding their disputes on February 25, 2015.  Minute Entry Feb. 25, 2015.  In its March 20, 2015 Order, the Court ruled that Defendants would be permitted to depose up to 20 of the 100 opt-ins and obtain document discovery from all 100.  ECF No. 255 (Order) at 12.  The Court gave Defendants two options regarding the selection of opt-in deponents:  either Defendants could select all 20, in which case Defendants would not be permitted to take any additional opt-in depositions even if Plaintiffs submitted opt-in affidavits, or Defendants could elect to choose 10 opt-ins and allow Plaintiffs to choose 10, in which case "[P]laintiffs will be permitted to submit affidavits in connection with any class-wide issues only from those individuals who have been deposed."  Id. at 13-14.

Defendants' counsel has advised Plaintiffs' counsel that they have not decided which option they will choose and likely will not decide until closer to the depositions.  Decl. of Rachel Bien in Supp. of Mot. of Partial Reconsideration ("Bien Decl.") ¶ 4.  However, because Plaintiffs' deadline for reconsideration is today, Plaintiffs are raising this issue now even though it is possible that Defendants will choose the first option which does not preclude Plaintiffs from submitting declarations.

---

[1] Plaintiffs expressly reserve the right to seek review of the Order pursuant to Federal Rule of Civil Procedure 72.  See Norex Petroleum Ltd. v. Access Indus., Inc., No. 02 Civ. 1499, 2003 WL 21872389, at *1 (S.D.N.Y. Aug. 7, 2003) (Swain, J.) ("[C]ourts in this District have found that, during the pendency of a motion for reconsideration before a magistrate judge, the time for filing an objection to the District Court is tolled.").

**ARGUMENT**

Reconsideration is appropriate when there is "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013); *see also Shrader*, 70 F.3d at 257 (reconsideration is warranted where, *inter alia*, "court overlooked" data "that might reasonably be expected to alter the conclusion reached by the court"). Here, as discussed above, it appears that the Court may have overlooked the very likely consequence of the second option it proposed – that the Non-Deponents will lack an effective way to respond to evidence that Chase submits about them because the Order precludes them from responding to such evidence through their own testimony in a declaration. This is a "manifest injustice" that warrants reconsideration. *See In re Enron Corp.*, 356 B.R. 343, 363 (Bankr. S.D.N.Y. 2006) (a "finding of manifest injustice in a civil matter requires the presence of either some unfair advantages taken by an opposing party or clear inequity warranting relief"); *see also Sea Trade Mar. Corp. v. Coutsodontis*, No. 09 Civ. 488, 2014 WL 3859114, at *1 (S.D.N.Y. July 30, 2014) (Pitman, J) (granting reconsideration where potential for unfairness supported extension of discovery deadline); *Jhirad v. TD Sec. USA, Inc.*, No. 02 Civ. 7509, 2003 WL 1872654, at *4 (S.D.N.Y. Apr. 10, 2003) (Pitman, J.) (granting reconsideration where prior order limiting plaintiff's access to discovery could prevent her from proving merits of her case).

Plaintiffs' request for reconsideration is not "advanc[ing] new arguments to supplant those that failed in the prior briefing of the issue," *In re Refco Capital Markets, Ltd. Brokerage Customer Sec. Litig.*, No. 06 Civ. 643, 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 20, 2008) *aff'd sub nom. Capital Mgmt. Select Fund Ltd. v. Bennett*, 680 F.3d 214 (2d Cir. 2012), because the issue was addressed for the first time in the Court's Order and the parties had not addressed the

3

issue of declarations from Non-Deponents.

Plaintiffs are mindful that the Court's aim is to "expedite the resolution of future motions" by limiting the number of depositions that may take place.  ECF No. 255 (Order) at 14.  However, the Non-Deponents still must have a means of effectively responding to evidence that Defendants present that pertains specifically to them.  Thus, Plaintiffs propose a narrow modification of the Order that retains the limit on Non-Deponent declarations except in the event that they are needed to respond to evidence about the Non-Deponents that Defendants use affirmatively in support of their defenses.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order pursuant to Local Civil Rule 6.3 modifying its March 20, 2015 Order and for other such relief as the Court deems appropriate.

Dated: April 3, 2015
       New York, New York

Respectfully submitted,

**OUTTEN & GOLDEN LLP**
By:

 /s/ Rachel Bien
Rachel Bien
Deirdre Aaron
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000
Facsimile: (212) 977-4005

*Attorneys for Lloyd Plaintiffs*

**LOVELL STEWART HALEBIAN JACOBSON LLP**
John Halebian
Adam C. Mayes
420 Lexington Ave., Suite 2440
New York, New York 10170

4

                                    Telephone: 212-500-5010
                                    Facsimile: (212) 208-6806

                                  ***Attorneys for Plaintiff Ciullo***