**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr>
<td>
JEFFREY LLOYD, LAWRENCE R.<br>
KAUFMANN, JAMES GEITZ, MARIO<br>
VASQUEZ, and BRADFORD W. RITCHIE, on<br>
behalf of themselves and those similarly situated,<br><br>
               Plaintiffs,<br><br>
    v.<br><br>
J.P. MORGAN CHASE & CO., CHASE<br>
INVESTMENT SERVICES CORP., and J.P.<br>
MORGAN SECURITIES, LLC,<br><br>
               Defendants.
</td>
<td>
No. 11 Civ. 09305 (LTS)<br><br>
**SECOND AMENDED CLASS**<br>
**ACTION COMPLAINT**<br>
Jury Trial Requested
</td>
</tr>
</table>

Plaintiffs Jeffrey Lloyd, Lawrence R. Kaufmann, James Geitz, Mario Vasquez, and Bradford W. Ritchie, by their attorneys, Outten & Golden LLP, for themselves and on behalf of all others similarly situated ("Chase Advisors"), for claims against Defendants J.P. Morgan Chase & Co., Chase Investment Services Corp., and J.P. Morgan Securities, LLC (collectively "Defendants" or "Chase"), allege as follows:

## <u>NATURE OF THE ACTION</u>

1.     This class action challenges Defendants' policies and practices of classifying their employees whose primary duties involve selling securities and other financial products at Chase branches ("Chase Advisors") as exempt from the overtime requirements of state and federal law; failing to pay all wages due, including overtime for the hours they work over forty in a workweek; failing to properly maintain records of hours worked; failing to provide accurate wage statements; making unauthorized deductions from wages; improperly requiring Chase Advisors to pay for expenses; and failing to provide required meal and rest breaks.

2.     Plaintiffs bring this action on behalf of themselves and similarly situated Chase Advisors who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

3.     Plaintiffs also bring claims pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and the state law classes defined below under the New York Labor Law Art. 19, §§ 190 *et seq.* and 650 *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.* (collectively, "NYLL"), the New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.*, and the supporting regulations, N.J. Admin. Code §§ 12:56 *et seq.* (collectively, the "NJSWHL"), and/or the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, Cal. Wage Order No. 4-2001, California Labor Code Private Attorneys General Act of 2004 ("PAGA"), and Cal. Labor Code §§ 201-202, 226, 226.7, 510, 512, 1174, 1194, 1198, and 2698 (collectively, "California Labor Code").

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332 (the Class Action Fairness Act) and 28 U.S.C. § 1367 (supplemental jurisdiction).

5.     Plaintiffs' state law claims are so closely related to Plaintiffs' claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

6.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant

to 29 U.S.C. § 216(b).

7.    At least one member of each proposed class is a citizen of a state different from that of Defendants.

8.    Plaintiffs' claims involve matters of national or interstate interest.

9.    Upon information and belief, citizenship of the members of the proposed classes is dispersed among a substantial number of states and countries.

10.    Upon information and belief, there are more than 100 members of the proposed classes in the aggregate.

11.    Defendants are subject to personal jurisdiction in New York.

12.    Defendants maintain their principal place of business in New York, New York.

13.    Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

14.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

15.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in the Southern District of New York.

16.    A substantial part of the events or omissions giving rise to the claims occurred in this District.

17.    PAGA authorizes aggrieved employees to sue directly for various civil penalties under the California Labor Code.

18.    Plaintiff Mario Vasquez timely provided notice on April 7, 2017 to the California Labor and Workforce Development Agency ("LWDA") and to Defendants, pursuant to

California Labor Code § 2699.3(a).

## THE PARTIES

### Lawrence R. Kaufmann

19.     Plaintiff Lawrence R. Kaufmann ("Kaufmann") resides in Tenafly, New Jersey.

20.     Kaufmann worked for Chase as a Financial Advisor and Financial Advisor Associate in Manhattan from approximately April or May 2009 to approximately October 2011.

21.     Kaufmann's primary duties involved selling Chase's financial products, including annuities and mutual funds, to individuals at various Chase branches in New York.

22.     Throughout the relevant period, Kaufmann was a covered employee within the meaning of the FLSA and NYLL.

23.     Kaufmann has consented to join this action by filing a written consent form.  ECF No. 6.

### Jeffery Lloyd

24.     Plaintiff Jeffrey Lloyd ("Lloyd") resides in Fort Lee, New Jersey.

25.     Lloyd worked for Chase as a Financial Advisor and Financial Advisor Associate in New Jersey from approximately January 2008 to approximately June 29, 2011.

26.     Lloyd's primary duties involved selling Chase's financial products, including annuities and mutual funds, to individuals at various Chase branches in New Jersey.

27.     Throughout the relevant period, Lloyd was a covered employee within the meaning of the FLSA and NJSWHL.

28.     Lloyd has consented to join this action by filing a written consent form.  ECF No. 1.

**James Geitz**

29.     Plaintiff James Geitz ("Geitz") resides in Old Tappan, New Jersey.

30.     Geitz worked for Chase as a Financial Advisor, Financial Advisor Associate, and Private Client Advisor from approximately July 2009 to approximately 2014, in New Jersey.

31.     Geitz's primary duties involved selling Chase's financial products, including annuities and mutual funds, to individuals at various Chase branches in New Jersey.

32.     Throughout the relevant period, Geitz was a covered employee within the meaning of the FLSA and NJSWHL.

33.     Geitz has consented to join this action by filing a written consent form.  ECF No. 247.

**Mario Vasquez**

34.     Plaintiff Mario Vasquez ("Vasquez") resides in Laguna Hills, California.

35.     Vasquez worked for Chase as a Private Client Advisor from approximately June 1, 2012 to November 8, 2016, in California.

36.     Vasquez's primary duties involved selling Chase's financial products, including annuities and mutual funds, to individuals at various Chase branches in California.

37.     Throughout the relevant period, Vasquez was a covered employee within the meaning of the FLSA and California Labor Code.

38.     Vasquez has consented to join this action by filing a written consent form.  ECF No. 192.

**Bradford W. Ritchie**

39.     Plaintiff Bradford W. Ritchie ("Ritchie") resides in Bonita Springs, Florida.

40. Ritchie worked for Chase as a Financial Advisor Associate and Private Client Advisor from approximately November 2011 to approximately May 2014, in New York.

41. Ritchie's primary duties involved selling Chase's financial products, including annuities and mutual funds, to individuals at various Chase branches in New York.

42. Throughout the relevant period, Ritchie was a covered employee within the meaning of the FLSA and NYLL.

43. Ritchie has consented to join this action by filing a written consent form. ECF No. 214.

**Defendants**

44. Defendant J.P. Morgan Chase & Co. is a Delaware corporation with its principal place of business in New York, New York.

45. Defendant Chase Investment Services Corp. was a Delaware corporation with its principal place of business in Chicago, Illinois.

46. Defendant J.P. Morgan Securities, LLC is a Delaware corporation with its principal place of business in New York, New York.

47. Throughout the relevant period, Defendants have been covered employers as that term is used in all relevant laws and, at all relevant times, employed and/or jointly employed Plaintiffs and similarly situated employees.

48. Throughout the relevant period, Defendants' annual gross volume of sales made or business done was not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiffs bring the First Cause of Action, the FLSA claim, on behalf of themselves and a collective consisting of: (1) all persons who have worked for Defendants as

Financial Advisor Associates and/or Financial Advisors between January 1, 2009 and the date of final judgment in this action and who elect to opt-in to this action; and (2) all persons who have worked for Defendants as Independent Financial Advisors, Senior Financial Advisors, Private Client Advisors and/or Independent Private Client Advisors between April 11, 2014 and the date of final judgment in this action and who elect to opt-in to this action (the "FLSA Collective").

50. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective. The FLSA claims in this lawsuit should be adjudicated as a collective action. Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join it. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

### The New York Class

51. Plaintiff Kaufmann ("the New York Financial Advisor Plaintiff") brings the Second and Third Causes of Action, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all persons who have worked for Defendants in New York as Financial Advisor Associates or Financial Advisors between January 1, 2009 and the date of final judgment in this action and/or Senior Financial Advisors or Independent Financial Advisors between April 11, 2011 and the date of final judgment in this action (the "New York Financial Advisor Class").

52. Plaintiff Ritchie ("the New York Private Client Advisor Plaintiff") (together with

the New York Financial Advisor Plaintiff, the "New York Plaintiffs") also brings the Second and Third Causes of Action, New York Claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all persons who have worked for Defendants in New York as Private Client Advisors and Independent Private Client Advisors between April 11, 2011 and the date of final judgment in this action (the "New York Private Client Advisor Class") (together with the New York Financial Advisor Class, the "New York Class").

53.    Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

54.    The persons in the New York Financial Advisor Class and New York Private Client Advisor Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to the Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

55.    Upon information and belief, the size of each Class is at least 50 employees.

56.    Defendants acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

57.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the New York Class that

predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

        a.      whether Defendants failed to keep true and accurate time records for all hours worked by the New York Plaintiffs and the New York Class;

        b.      what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

        c.      whether Defendants failed and/or refused to pay the New York Plaintiffs and the New York Classes all wages and all other amounts, including but not limited to overtime pay for hours worked in excess of 40 hours per workweek, as required by the applicable state law;

        d.      the nature and extent of the class-wide injury and the appropriate measure of damages for the New York Class;

        e.      whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the NYLL;

        f.      whether Defendants' policy of misclassifying workers was done willfully or with reckless disregard of the laws;

        g.      whether Defendants failed to furnish Plaintiffs and the Classes with accurate wage statements and notifications showing all hours worked and all wages earned.

58.      The claims of the New York Plaintiffs are typical of the claims of the respective class each seeks to represent. The New York Plaintiffs and the New York Class Members work or have worked for Defendants in New York and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendants acted and refused to act on grounds generally applicable to the New York Class,

thereby making declaratory relief with respect to the New York Class appropriate.

59. The New York Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

60. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**The New Jersey Financial Advisor Class**

61. Plaintiff Lloyd ("the New Jersey Financial Advisor Plaintiff") brings the Fourth Cause of Action, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all persons who have worked for Defendants in New Jersey as Financial Advisor Associates and/or Financial Advisors between January 1, 2009 and the date of final judgment in this action and/or Independent Financial Advisors and/or Senior Financial Advisors between April 11, 2015 and the date of final judgment in this action (the "New Jersey Financial Advisor Class").

62. Plaintiff Geitz ("the New Jersey Private Client Advisor Plaintiff") (together with the New Jersey Financial Advisor Plaintiff, the "New Jersey Plaintiffs") also brings the Fifth and Six Causes of Action, New Jersey Claim, under Rule 23 of the Federal Rules of Civil Procedure,

on behalf of himself and a class consisting of all persons who have worked for Defendants in New Jersey as Private Client Advisors and Independent Private Client Advisors between April 11, 2015 and the date of final judgment in this action (the "New Jersey Private Client Advisor Class") (together with the New Jersey Financial Advisor Class, the "New Jersey Class").

63.     Excluded from the New Jersey Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New Jersey Class.

64.     Plaintiff Lloyd ("the New Jersey Financial Advisor Plaintiff") brings the Fourth Cause of Action, New Jersey Claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all persons who have worked for Defendants in New Jersey as Financial Advisor Associates, Financial Advisors, Independent Financial Advisors, and/or Senior Financial AdvisorsFinancial Advisors or in positions with different titles but the same or similar duties, including, but not limited to: Personal Financial Advisors, Independent Financial Advisors, Financial Advisor Associates, Senior Financial Consultants, Investment Sales Representatives, and/or RIS Team Leaders between January 1, 2009 and the date of final judgment in this action (the "New Jersey Financial Advisor Class").

65.     Plaintiff Geitz ("the New Jersey Private Client Advisor Plaintiff") also brings the Fourth Cause of Action, New Jersey Claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all persons who have worked for Defendants in New Jersey as Private Client Advisors and Independent Private Client Advisors between April 11, 2015 and the date of final judgment in this action (the "New Jersey Private

Client Advisor Class") (together with the New Jersey Financial Advisor Class, the "New Jersey Class").

66.　　Excluded from the New Jersey Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New Jersey Class.

67.　　The persons in the New Jersey Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to the Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

68.　　Upon information and belief, the size of each Class is at least 50 employees.

69.　　Defendants acted or refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New Jersey Class as a whole.

70.　　This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the New Jersey Financial Advisor Class that predominate over any questions solely affecting individual members of the New Jersey Financial Advisor Class, including but not limited to:

a.　　whether Defendants failed to keep true and accurate time records for all hours worked by the New Jersey Plaintiffs and the New Jersey Class;

b.　　what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.     whether Defendants failed and/or refused to pay the New Jersey Plaintiffs and the New Jersey Class overtime pay for hours worked in excess of 40 hours per workweek as required by the NJSWHL;

d.     the nature and extent of the class-wide injury and the appropriate measure of damages for the New Jersey Class;

e.     whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the NJSWHL; and

f.     whether Defendants' policy of misclassifying workers was done willfully or with reckless disregard of the law.

71.     The claims of the New Jersey Plaintiffs are typical of the claims of the respective New Jersey Class each seeks to represent.  The New Jersey Plaintiffs and the New Jersey Class Members work or have worked for Defendants in New Jersey and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week.  Defendants acted and refused to act on grounds generally applicable to the New Jersey Class, thereby making declaratory relief with respect to the New Jersey Class appropriate.

72.     The New Jersey Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

73.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New Jersey Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual

members of the New Jersey Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**The California Class**

74.     Plaintiff Vasquez ("the California Plaintiff") brings the Fifth through Eleventh Causes of Action, California Claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all persons who have worked for Defendants in California as Private Client Advisors and Independent Private Client Advisors between April 11, 2013 and the date of final judgment in this action (the "California Class").

75.     Excluded from the California Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Class.

76.     The persons in the California Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to the Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

77.     Upon information and belief, the size of the California Class is at least 50 employees.

78.     Defendants acted or refused to act on grounds generally applicable to the California Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the California Class as a whole.

79. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the California Class that predominate over any questions solely affecting individual members of the California Class, including but not limited to:

a. whether Defendants unlawfully failed to pay and continue to fail to pay overtime and minimum wage compensation in violation of the California Labor Code and related regulations;

b. whether California Class members were and are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

c. whether Defendants' policy and pattern or practice of classifying California Class members as exempt from overtime entitlement under California law and Defendants' policy and pattern or practice of failing to pay overtime to California Class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

d. whether Defendants' policy and pattern or practice of failing to pay California Class members minimum wages for all hours worked violate applicable provisions of California law, including applicable statutory and regulatory authority;

e. whether Defendants unlawfully failed and continue to fail to keep and furnish California Class members with accurate wage statements or other records of hours worked in violation of California Labor Code;

f. whether Defendants' policy and pattern or practice of failing to pay California Class members all wages due within the time required by law after their employment ended violates California law;

g.      whether Defendants unlawfully failed and continue to fail to afford California Class members with proper meal and rest periods in violation of California Labor Code;

h.      whether Defendants as a result of their above-mentioned violations of law owe penalties under PAGA; and

i.      the nature and extent of California Class members' injuries and the appropriate measure of damages for California Class members.

80.     The claims of the Plaintiff are typical of the claims of the California Class he seeks to represent.  Plaintiff and the California Class Members work or have worked for Defendants in California and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week.  Defendants acted and refused to act on grounds generally applicable to the California Class, thereby making declaratory relief with respect to the California Class appropriate.

81.     The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

82.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the California Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the California Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in

inconsistent judgments about Defendants' practices.

83.     At all times herein set forth, PAGA was applicable to the California Plaintiff's employment by Defendants.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

84.     All of the work that Plaintiffs, the FLSA Collective, and the New York, New Jersey, and California Class members (collectively, the "Class Members") performed was assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the Class Members have performed.

85.     Upon information and belief, Defendants' business is a centralized, top-down operation controlled by Defendants' headquarters in New York City.

86.     During the relevant period, Defendants failed to record all of the time that the Class Members have worked for the benefit of the Defendants.

87.     Defendants failed to pay the Class Members all wages and other amounts owed.

88.     It has been Defendants' nationwide policy and pattern or practice to classify all Class Members as exempt from coverage of the overtime provisions of the FLSA and state wage and hour laws.

89.     Defendants made the decision to classify all Class Members as exempt.

90.     Defendants compensated Class Members on the basis of an incentive compensation plan and failed to pay them for any hours they worked in excess of 40 hours in a workweek.

91.     Defendants failed to pay the California Class Members for any hours they worked in excess of 8 hours in a workday.

92.     Defendants were aware, or should have been aware, that Plaintiffs and the Class Members' primary duty was selling securities and Chase financial products to individual

17

customers in various Chase branches and that their primary duty was not directly related to Chase's or its customers' general business operations or management.

93.     Notwithstanding their job duties, Defendants classified Plaintiffs and the Class Members as exempt employees in an attempt to avoid paying them overtime compensation.

94.     Defendants' failure to pay Plaintiffs and the Class Members overtime wages for their work in excess of 40 hours per week was willful.

95.     Defendants required Class Members to take less than the time required under the applicable state laws for meal and rest breaks, or to work them without additional compensation.

96.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws.  This policy and pattern or practice includes but is not limited to the allegations set forth in Paragraphs 103 through 114.

97.     Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and state wage and hour laws.

98.     Defendants were aware, or should have been aware, that federal and state law required them to:  (a) pay Class Members all wages and other amounts, including but not limited to overtime compensation for hours worked in excess of 40 per week; (b) keep, make, preserve, maintain and furnish accurate records of all of the time the Class Members worked for the benefit of Defendants; (c) furnish the Class Members with accurate wage statements and notifications; (d) provide meal and/or rest breaks; and (e) timely pay all wages and other amounts.

99.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

18

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.**
**(On behalf of Plaintiffs and the FLSA Collective)**

100.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

101.    Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

102.    At all times relevant, Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

103.    The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiffs and the FLSA Collective.

104.    Defendants are employers and/or joint employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

105.    At all times relevant, Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

106.    Defendants employed Plaintiffs and the members of the FLSA Collective as their employer.

107.    Defendants failed to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours worked in excess of 40 per week, to which they are entitled under the FLSA.

108.    Defendants failed to keep accurate records of time worked by Plaintiffs and the members of the FLSA Collective.

109.    Defendants' violations of the FLSA, as described in this Class Action Complaint,

have been willful and intentional.

110.     Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the members of the FLSA Collective.

111.     Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

112.     As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**New York Labor Law §§ 190 *et seq*. and 650 *et seq*.**
**(On behalf of the New York Financial Advisor and Private Client Advisor Plaintiffs and the New York Financial Advisor and Private Client Advisor Class Members)**

113.     The New York Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

114.     Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

115.     Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

116.     At all times relevant, Defendants were employers of the New York Financial Advisor and Private Client Advisor Plaintiffs and the New York Financial Advisor and Private Client Advisor Class Members within the meaning of the term "employer" in the NYLL.

117.     The New York Financial Advisor and Private Client Advisor Plaintiffs and the New York Financial Advisor and Private Client Advisor Class Members are employees within

the meaning of the term "employee" in the NYLL.

118.    Defendants suffered or permitted the New York Financial Advisor and Private Client Advisor Plaintiffs and the New York Financial Advisor and Private Client Advisor Class Members to work.

119.    The overtime wage provisions of the NYLL apply to Defendants and protect the New York Financial Advisor and Private Client Advisor Plaintiffs and the New York Financial Advisor and Private Client Advisor Class Members.

120.    Defendants failed to pay the New York Financial Advisor and Private Client Advisor Plaintiffs and the New York Financial Advisor and Private Client Advisor Class Members overtime wages for hours worked in excess of 40 per week, to which they are entitled under the NYLL.

121.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New York Financial Advisor and Private Client Advisor Plaintiffs and the New York Financial Advisor and Private Client Advisor Class Members and failed to furnish to each of them their wage and hour records showing all hours worked or all wages earned and due for all work performed for labor or services rendered.

122.    By Defendants' knowing or intentional failure to pay the New York Financial Advisor and Private Client Advisor Plaintiffs and the New York Financial Advisor and Private Client Advisor Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the NYLL.

123.    Due to these violations, the New York Financial Advisor and Private Client Advisor Plaintiffs and the New York Financial Advisor and Private Client Advisor Class Members are entitled to recover from Defendants unpaid overtime, liquidated damages,

reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law §§ 195 and 198**
**(On behalf of the New York Financial Advisor and Private Client Advisor Plaintiffs and the New York Financial Advisor and Private Client Advisor Class Members)**

124.     The New York Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

125.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

126.     Defendants willfully failed to furnish the New York Plaintiffs and the New York Class Members with accurate wage statements on each payday containing the criteria required by the NYLL.

127.     Due to these violations, the New York Plaintiffs and the New York Class Members are entitled to recover from Defendants the statutorily-prescribed amount for each failure of this sort up to the statutory maximum, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq*.**
**(On behalf of the New Jersey Financial Advisor and Private Client Advisor Plaintiffs and the New Jersey Financial Advisor and Private Client Advisor Class Members)**

128.     The New Jersey Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

129.     Defendants engaged in a widespread pattern, policy, and practice of violating the NJSWHL, as detailed in this Class Action Complaint.

130.     Defendants' violations of the NJSWHL, as described in this Class Action Complaint, have been willful and intentional.

131. At all times relevant, Defendants were employers of the New Jersey Financial Advisor and Private Client Advisor Plaintiffs and the New Jersey Financial Advisor and Private Client Advisor Class Members within the meaning of the term "employer" in the NJSWHL.

132. The New Jersey Financial Advisor and Private Client Advisor Plaintiffs and the New Jersey Financial Advisor and Private Client Advisor Class Members are employees within the meaning of the term "employee" in the NJSWHL.

133. Defendants suffered or permitted the New Jersey Financial Advisor and Private Client Advisor Plaintiffs and the New Jersey Financial Advisor and Private Client Advisor Class Members to work.

134. The overtime wage provisions of the NJSWHL apply to Defendants and protect the New Jersey Financial Advisor and Private Client Advisor Plaintiffs and the New Jersey Financial Advisor and Private Client Advisor Class Members.

135. Defendants failed to pay the New Jersey Financial Advisor and Private Client Advisor Plaintiffs and the New Jersey Financial Advisor and Private Client Advisor Class Members overtime wages for hours worked in excess of 40 per week, to which they are entitled under the NJSWHL.

136. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New Jersey Financial Advisor and Private Client Advisor Plaintiffs and the New Jersey Financial Advisor and Private Client Advisor Class Members and failed to furnish to each of them their wage and hour records showing all hours worked or all wages earned and due for all work performed for labor or services rendered.

137. By Defendants' knowing or intentional failure to pay the New Jersey Financial Advisor and Private Client Advisor Plaintiffs and the New Jersey Financial Advisor and Private

Client Advisor Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the NJSWHL.

138. Due to these violations, the New Jersey Financial Advisor and Private Client Advisor Plaintiffs and the New Jersey Financial Advisor and Private Client Advisor Class Members are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*,**
**(On Behalf of the California Plaintiff and the California Class)**

125. The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

126. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

127. Beginning at a date unknown to the California Plaintiff, but at least as long ago as four years ago, Defendants committed, and continue to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendants' conduct as herein alleged has injured the California Plaintiff and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to the California Plaintiff and California Class members.

128. Defendants engaged in unfair competition in violation of the UCL by violating, inter alia, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

a) The Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*;

b) California Labor Code §§ 510, 1194 and 1198;

c) California Labor Code §§ 201 and 202;

d) California Labor Code § 204;

e) California Labor Code §§ 226(a) and 1174(d);

f) California Labor Code §§ 226.7 and 512; and

g) California Labor Code §§ 2698, *et seq.*

129. Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute separate and independent violations of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

130. The unlawful and unfair business practices and acts of Defendants, described above, have injured the California Class in that they were wrongfully denied the payment of earned overtime wages.

131. The California Plaintiff, on behalf of himself and the California Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day.

132. The California Plaintiff, on behalf of himself and the California Class, seeks recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by the UCL and California Labor Code §§ 218.5 and 1194.

**Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194 and 1198**
**(On behalf of the California Plaintiff and the California Class)**

133. The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

134. Defendants engaged in a pattern, policy, and practice of violating the California Labor Code, as detailed in this Class Action Complaint.

135. Defendants' violations of the California Labor Code, as described in this Class Action Complaint, have been willful and intentional.

136. At all times relevant, Defendants were employers of the California Plaintiff and the California Class Members within the meaning of the term "employer" in the California Labor Code.

137. The California Plaintiff and California Class Members are employees within the meaning of the term "employee" in the California Labor Code.

138. Defendants suffered or permitted the California Plaintiff and the California Class Members to work.

139. The overtime wage provisions of the California Labor Code and California Wage Order No. 4 apply to Defendants and protect the California Plaintiff and the California Class Members.

140. Defendants failed to pay the California Plaintiff and the California Class Members overtime wages for hours worked in excess of 40 hours per week, or 8 hours per day, to which they are entitled to under California law.

141. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the California Plaintiff and the California Class Members and failed to furnish to each of them their wage and hour records showing all hours worked or all wages earned and due for all work performed and for labor or services rendered.

142. By Defendants' knowing or intentional failure to pay the California Plaintiff and the California Class Members overtime wages for hours worked in excess of 40 hours per week,

or 8 hours in a day, they have willfully violated the California Labor Code and California Wage Order No. 4.

143.    Due to these violations, the California Plaintiff and the California Class Members are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**SEVENTH CAUSE OF ACTION**
**California Labor Code §§ 201-203**
**(On behalf of the California Plaintiff and the California Class)**

139.    The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

140.    California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter.

141.    Defendants willfully failed to pay the California Plaintiff and California Class Members who are no longer employed by Defendants all wages and other amounts owed upon separation of employment, including but not limited to overtime wages, in accordance with California Labor Code §§ 201 and 202.

142.    Due to these violations, in accordance with California Labor Code § 203, the California Plaintiff and the California Class Members are entitled to recover from Defendants the statutorily-prescribed amount for each day they were not paid up to the statutory maximum, and pre-judgment and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### Cal. Labor Code §§ 226(a) and 1174(d)
### (On behalf of the California Plaintiff and the California Class)

143.    The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

144.    California Labor Code § 226(a) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

145.    Further, California Labor Code § 1174(d) requires an employer to keep at a central location in California or at the establishment where the employee is employed, payroll records showing the hours worked daily by, and wages paid to employees employed at the respective establishment.

146.    Defendants willfully failed to furnish the California Plaintiff and the California Class Members with accurate wage statements on each payday containing the information required by the California Labor Code §226(a) and to keep payroll records as required by California Labor Code § 1174(d).

147.    Due to these violations, the California Plaintiff and the California Class Members are entitled to recover from Defendants the statutorily-prescribed amount for each failure of this sort up to the statutory maximum, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## NINTH CAUSE OF ACTION
### California Labor Code §§ 226.7 and 512(a)
### (On behalf of the California Plaintiff and the California Class)

148.    The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

149. California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable Wage Order.

150. California Labor Code § 512(a) provides that an employee may not require, cause, or permit an employee to work for a period of more than 5 hours per day without providing the employee with a meal period of not less than 30 minutes.

151. The California Plaintiff and California Class Members were regularly scheduled to work more than 5 hours per day.

152. Defendants willfully required the California Plaintiff and California Class Members to take less than 30 minutes for a meal period or to work through their meal period and failed to compensate them for missed meal periods.

153. Due to these violations, the California Plaintiff and the California Class Members are entitled to recover from Defendants one additional hour of pay at their regular hourly rate of compensation for each work day that a meal period was not provided, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## TENTH CAUSE OF ACTION
### California Labor Code §§ 226.7
### (On behalf of the California Plaintiff and the California Class)

154. The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

155. California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable Wage Order.

156. California Wage Order No. 4 provides that every employer shall authorize and permit employees to take duty-free rest periods lasting 10 minutes for every 4 hours worked or major fraction thereof.

157.     The California Plaintiff and California Class Members were regularly scheduled to work more than 4 hours per day.

158.     Defendants willfully required the California Plaintiff and California Class Members to work 4 or more hours without authorizing or permitting a 10 minute duty-free rest period.

159.     Due to these violations, the California Plaintiff and the California Class Members are entitled to recover from Defendants one additional hour of pay at their regular hourly rate of compensation for each work day that a rest period was not provided, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### ELEVENTH CAUSE OF ACTION
**California Labor Code §§ 2698, *et seq.***
**(On Behalf of the California Plaintiff and the California Class)**

160.     The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

161.     Under the California Private Attorneys General Act ("PAGA") of 2004, California Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders.  These civil penalties are in addition to any other relief available under the California Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved employees, pursuant to California Labor Code § 2699.

162.     Defendants' failure to pay overtime compensation to the California Plaintiff and California Class members, failure to keep and furnish them with accurate or complete records of hours worked, failure to provide them with meal and rest breaks, and failure to pay them all

wages due immediately upon discharge and within the time required by law after their employment ended is unlawful and constitutes violations of the California Labor Code, each actionable under PAGA.

163. The California Plaintiff alleges, on behalf of himself and the California Class, that Defendants have violated the following provisions of the California Labor Code and the following provisions of California Wage Orders that are actionable through the California Labor Code and PAGA, as previously alleged herein: California Labor Code §§ §§ 201-202, 226, 226.7, 510, 512, 1174, 1194, and 1198. Each of these violations entitles the California Plaintiff, as a private attorney general, to recover the applicable statutory civil penalties on his own behalf, on behalf of all aggrieved employees, and on behalf of the State of California.

164. California Labor Code § 2699(a), which is part of PAGA, provides in pertinent part:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in § 2699.3.

165. California Labor Code § 2699(f), which is part of PAGA, provides in pertinent part:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: … (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

166. The California Plaintiff is entitled to civil penalties, to be paid by Defendants and allocated as PAGA requires, pursuant to California Labor Code § 2699(a) for Defendants' violations of the California Labor Code and IWC Wage Orders for which violations a civil penalty is already specifically provided by law. Further, Plaintiff is entitled to civil penalties, to

be paid by Defendants and allocated as PAGA requires, pursuant to California Labor Code § 2699(f) for Defendants' violations of the California Labor Code and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

167.    On April 7, 2017, the California Plaintiff provided written notice of Defendants' violations to the California Labor & Workforce Development Agency ("LWDA") and to Defendants by certified mail of the legal claims and theories of this case contemporaneously with the filing of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all other similarly situated persons, pray for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, been employed by Defendants as Chase Advisors (as defined above).  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    An Order certifying the New York, New Jersey, and California Classes and designating this action as a class action pursuant to Fed. R. Civ. P. 23;

C.    Designation of the named Plaintiffs as class representatives, and counsel of record as Class Counsel;

D.    Unpaid overtime under the FLSA and the state laws set forth above;

E.    Compensatory and statutory damages under the state laws set forth above;

F.    Lost wages in the amount unlawfully deducted under the state laws set forth above;

G. Civil penalties pursuant to California Labor Code § 2699(a) and/or 2699(f) and (g);

H. Liquidated damages permitted under the FLSA and the state laws set forth above;

I. Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the state laws set forth above;

J. Appropriate equitable and injunctive relief to remedy Defendants' violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

K. Pre-Judgment and Post-Judgment interest, as provided by law;

L. Attorneys' fees and costs of suit, including expert fees; and

M. Such other injunctive and equitable relief as the Court may deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated:     New York, New York
           April 18, 2017

                              Respectfully submitted,
                              **OUTTEN & GOLDEN LLP**
                              By:

                              _____
                              Justin M. Swartz

                              **OUTTEN & GOLDEN LLP**
                              Justin M. Swartz
                              Deirdre Aaron
                              Chauniqua D. Young
                              695 Third Avenue, 25th Floor
                              New York, New York 10017
                              Telephone:  (212) 245-1000

                              ***Attorneys for Plaintiffs***