UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JEFFREY LLOYD and LAWRENCE
KAUFMANN, on behalf of themselves and
those similarly situated,

        Plaintiffs,

-v-                                        No. 11 CV 9305-LTS

JPMORGAN CHASE & CO. and CHASE
INVESTMENT SERVICES CORP.,

        Defendants.

-------------------------------------------------------

KENNETH CIULLO, individually and on
behalf of all others similarly situated,

        Plaintiff,

-v-                                        No. 12 CV 2197-LTS

JPMORGAN CHASE & CO. and CHASE
INVESTMENT SERVICES CORP.,

        Defendants.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-28-2017

ORDER

        The Court has received and reviewed the parties' Joint Motion for Preliminary Approval of the Parties' Joint Stipulation of Settlement Agreement and Release (docket entry no. 347 (the "Motion")), as well as the supporting materials filed with the Motion. The parties are directed to file, by **May 12, 2017**, a supplemental submission, with updated versions of the relevant documents as appropriate, addressing the following issues:

1. Paragraph 1.3 of the Joint Stipulation states that, for those individuals whose first mailing was returned as undeliverable or who requested a reissued notice, the Claim Form Deadline shall be the earlier of "(i) seventy-five (75) days after the re-mailing; or (ii) 90 days after the Claim Form Mailing Date." However, in the Memorandum of Law accompanying the motion, the same deadline is provided as the earlier of "(i) sixty (60) days after the re-mailing; or (ii) seventy-five (75) days after the Claim Form Mailing Date." This date is not specifically provided for in the Proposed Order accompanying the Motion. The parties are directed to clarify the applicable deadline and update the Proposed Order accordingly.

2. Paragraph 1.13 of the Joint Stipulation defines "Collective Member" or "Member of the Collective" to exclude all Rule 23 Class Members. "Rule 23 Class Members" is defined in Section 1.46 as "all persons employed by Defendants in a Covered Position at any time in a Covered State during the applicable Relevant Period," except those who have released or extinguished their claims, do not submit a valid Opt-Out Form, were employed solely in California, or are one of the named Plaintiffs. Accordingly, the definitions in Joint Stipulation, which are adopted in relevant part in the Proposed Order at Paragraph 5, would bar members of the Rule 23 Class, which has claims under state law, from also being Members of the Collective, which has claims under federal law. The parties are directed to clarify the intended purpose and scope of these interrelated provisions.

3. Paragraph 1.42 of the Joint Stipulation defines "Released Federal Law Claims" as including "any and all claims under the Employee Retirement Income Security Act ('ERISA'), that accrued while the Participating Claimant was employed in a

Covered Position during the applicable Relevant Period through the Preliminary Approval Date, for any time of relief." By contrast, Paragraph 1.43 of the Joint Stipulation defines "Released State and Local Claims" as including "any federal, state or local claims related to <u>any claim for benefits arising from any Settlement Payment under this Settlement Agreement</u>, including but not limited to ERISA." (Emphasis added.) The Released Federal Law Claims appears to contain a very broad release of ERISA-related claims, possibly including benefit claims or accruals with little or no connection to this labor and employment law case. The parties are directed to clarify the scope and legal basis of the ERISA claims waiver contained in Paragraph 1.42.

4. Paragraph 3.1 of the Joint Stipulation provides that the two above-captioned actions will be consolidated for settlement purposes only upon the Preliminary Approval Date. No provision for consolidation was contained in the Proposed Order. The parties are directed to clarify the proposal for consolidation and update the Proposed Order accordingly.

5. Paragraph 3.83 of the Joint Stipulation provides that any difference between the maximum award of attorneys' fees and costs provided for by the settlement agreement and the ultimate award of this Court shall "remain with Defendants." The parties are directed to update the proposed notice to claimants (docket entry no. 349, Ex. 7, at pp. 7-8) to make clear that any reduction in the amount of attorneys' fees and costs awarded will not increase the recovery of the class or collective.

Additionally, the parties are directed to update the Proposed Order to reflect the following corrections and modifications:

- In Paragraph 11, provide that both Opt-Out Notices and written objections to the settlement are to be sent to the Claims Administrator in the first instance, and the Claims Administrator must provide copies of the same to Class Counsel for filing with the Court with the motion for final approval of the settlement.

- In Paragraph 15, provide that the motion for final approval of the settlement and the motion for attorneys' fees and costs shall be filed on or before thirty days prior to the Fairness Hearing, with objections to those motions to be filed fourteen days before the Fairness Hearing, and responses to the objections filed seven days before the Fairness Hearing.

SO ORDERED.

Dated: New York, New York
April 28, 2017

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge