UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LLOYD and LAWRENCE KAUFMANN, on behalf of themselves and those similarly situated,<br><br>       Plaintiffs,<br><br>      v.<br><br>JPMORGAN CHASE & CO. AND CHASE INVESTMENT SERVICES CORP.,<br><br>       Defendants | **No. 11 Civ. 9305 (LTS)** |
| KENNETH CIULLO, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br>      v.<br><br>JPMORGAN CHASE & CO. and CHASE INVESTMENT SERVICES CORP.,<br><br>       Defendants. | **No. 12 Civ. 2197 (LTS)** |

**ORDER GRANTING JOINT MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASSES, FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; AND MOTION FOR APPROVAL OF SERVICE PAYMENTS**

    This matter comes before the Court on the Parties' Joint Motion for Certification of the Settlement Classes, Final Approval of Class Action Settlement, and Approval of the FLSA Settlement; Plaintiffs' Motion for Approval of Attorneys' Fees and Reimbursement of Expenses; and Plaintiffs' Motion for Approval of Service Payments the "Final Approval Motions"). The Court, having considered the Parties' Joint Stipulation of Settlement Agreement and Release (the "Stipulation"), the papers in support of the Final Approval Motions, the submissions and arguments of counsel during the October 24, 2017 Fairness Hearing, and all other materials

properly before the Court, and having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 and Rule 23 of the Federal Rules of Civil Procedure, and for the reasons stated on the record of the October 24, 207 Hearing,

HEREBY FINDS AND ORDERS as follows:

1. Unless otherwise defined herein, all terms used in this order (the "Order Granting Final Approval") will have the same meaning as defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this action, the Plaintiffs, the FLSA Opt-Ins, the Rule 23 Class Members, the Collective Members, and Defendants.

3. The Court finds that the $5,707,279.68 Settlement was the product of protracted, arms-length negotiations between experienced counsel.  The Court grants final approval of the Settlement, including the releases and other terms, as fair, reasonable and adequate as to the Plaintiffs, Settlement Class Members and Defendants.  The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

4. The Court finds that there were no written objections to the Settlement.

5. The Court finds that the procedures for notifying the Class Members about the Settlement, including the Class and Collective Notice and related documents, constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary requirements of due process.  Based on the evidence and other materials submitted to the Court, the Class Notice to the Class Members provided adequate, due, sufficient and valid notice of the Settlement.

6. The Court finds, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the Settlement not ultimately be approved), that the Class and Collective satisfy the applicable standards for certification under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b), respectively, and certifies the following class action (the "Rule 23 Class"):  all persons who have not otherwise released or extinguished their claims and who were employed by Defendants in:

    (a)    New York as an FA or FAA at any time between January 1, 2009 and April 14, 2017;

    (b)    New York as a PCA, ICP, SFA or IFA at any time between April 14, 2011 and April 14, 2017;

    (c)    New Jersey as an FA or FAA at any time between December 19, 2009 and April 14, 2017;

    (d)    New Jersey as a PCA, IPCA, SFA or IFA at any time between April 14, 2014 and April 14, 2017; and

    (e)    California as a PCA or IPCA at any time between April 14, 2013 and April 14, 2017.

7.    The Court approves the Fair Labor Standards Act settlement. The settlement is the product of contested litigation to resolve *bona fide* disputes.

8.    The claims released by the Stipulation are extinguished by operation of the law.

9.    The Litigations are dismissed with prejudice, permanently barring the Plaintiffs and all other Settlement Class Members from filing, commencing, prosecuting, or pursuing the claims released by the Stipulation whether or not on a class action or collective action basis, or participating in any class action or collective action involving such claims.

10.    The Court grants final approval of Enhancement Awards in the amount of (a) Fifteen Thousand Dollars ($15,000.00) to Plaintiffs Lloyd, Kaufmann, and Ciullo; and (b) Five Thousand Dollars ($5,000.00) to Plaintiffs Geitz, Vasquez, and Ritchie, and Opt-In Plaintiffs Strouse and Perez, for their service and assistance in the prosecution of the Litigations.

11.    Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved. Accordingly, Class Counsel are hereby awarded $1,902,426.56, or one-third of the Gross Settlement Amount, for attorneys' fees and $160,000.00 for reimbursement of litigation costs and expenses, which the Court finds were reasonably incurred in prosecution of the Litigations. Class Counsel are well qualified, experienced, and have aggressively litigated this action, thereby demonstrating their adequacy as counsel for the class. The Court finds that these amounts are justified by the work performed, risks taken, and the results achieved by class counsel.

12. The Court finds that the request for payment of the incurred and anticipated costs of the Claims Administrator, Garden City Group, LLC, in the amount of $45,000.00, is reasonable and is approved.

13. The Claims Administrator is directed to distribute the settlement funds to the Participating Claimants in accordance with the terms of the Stipulation.

14. Nothing relating to this Order Granting Final Approval, or any communications, papers, or orders related to the Settlement, shall be cited to as, construed to be, admissible as, or deemed an admission by Defendants or Defendant Releasees of any liability, culpability, negligence, or wrongdoing toward any Plaintiff, Class Member, or other person, or that class or collective action certification is appropriate in this or any other matter.  There has been no determination by any Court as to the merits of the claims asserted by Plaintiffs against Defendants or as to whether a class or collective should be finally certified, other than for settlement purposes only.  Furthermore, nothing in the Stipulation shall be considered any form of waiver of any alternative dispute resolution agreements, provisions, or policies by Defendants or Defendant Releasees.

15. The Settling Parties are ordered to carry out the Settlement according to the terms of the Stipulation.

16. The Court shall have exclusive and continuing jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Stipulation and this Order Granting Final Approval.

17. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

18. The Clerk of Court is directed to close this case.  This Order resolves docket entry nos. 366, 368, and 370.

**IT IS SO ORDERED**.

DATED: October 24, 2017        /s/ Laura Taylor Swain_____
                              Honorable Laura Taylor Swain
                              United States District Judge